**Affirmed and Memorandum Opinion filed May 31, 2018.**



In The

# Fourteenth Court of Appeals

## NO. 14-17-00585-CR

## JESUS CALDERON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 264th District Court**
**Bell County, Texas**
**Trial Court Cause No. 75620**

## M E M O R A N D U M   O P I N I O N

Jesus Manuel Calderon appeals his judgment of conviction on his open plea of guilty to possession with intent to deliver a controlled substance, 400 grams or more, a first degree felony, for which he was sentenced to forty years' imprisonment.[1]  In a single issue, appellant contends that his conviction should be reversed and remanded for a

---

[1] The trial court's certificate of defendant's right to appeal provides that appellant's case "is not a plea-bargain case, and the defendant has the right of appeal."

new trial in the proper court, arguing that his case was improperly transferred from the 27th District Court of Bell County trial court to the 264th District Court of Bell County. We affirm.[2]

## I. Background

The record reflects that appellant was indicted on April 27, 2016, by a grand jury of the 426th District Court in Bell County for the first-degree felony offense of possession with intent to deliver a controlled substance (methamphetamine) 400 grams or more. The affidavit for arrest states that appellant and his co-defendant, Melissa Diaz, were identified by another defendant, Dimitri Dears, as his suppliers of methamphetamine.[3]

Two weeks *prior* to the indictment, on April 11, 2016, the State requested, *via* an email, that this case, along with that of co-defendant, Diaz, "be moved from the 27th into the 264th" District Court of Bell County because both cases were closely related to Dears' case that was pending in the 264th. At the time of the State's email, appellant's case had not yet been indicted or assigned to trial in any Bell Count District Court. Thus, the reference to the 27th District Court of Bell County and the need to "move" the case was erroneous. On April 27, 2016, appellant was indicted by a grand jury, and appellant's case was scheduled for trial in the 264th District

---

[2] The Texas Supreme Court transferred this appeal from the Court of Appeals for the Third District of Texas to this Court pursuant to its docket equalization powers. *See* Tex. Gov't Code § 73.001 (authorizing transfer of cases). We are unaware of any conflict between precedent from the Court of Appeals of the Third District and that of this Court on the relevant issues. *See* Tex. R. App. P. 41.3. As the transferee court, we are required to " 'stand in the shoes' of the transferor court so that an appellate transfer will not produce a different outcome, based on application of substantive law, than would have resulted had the case not been transferred." *In re Reardon*, 514 S.W.3d 919, 922–23 (Tex. App.—Fort Worth 2017, orig. proceeding) (quoting commentary to Tex. R. App. P. 41.3).

[3] Because appellant's issue does not necessitate full recitation of the facts of the offense, we have limited discussion of them.

Court of Bell County.

Several months after his indictment, appellant "joined" in Diaz' "Objection to Transfer," contending that their cases should be moved to the 27th District Court because there was no written order transferring the case from that court to the 264th District Court. In a joint hearing conducted in August 2016, wherein separate counsel for appellant and Diaz were present, defense counsel argued that the transfer was not authorized by the local rules for the Bell County District Courts and was a violation of due process. The local rule referenced by defense counsel states that the transfer of cases between the district courts of Bell County may be accomplished by written order with consent of the judges of the courts participating in the transfer. The parties further contended that allowing the district attorney to select the court in which a case is to be tried was a violation of due process and of the separation-of-powers doctrine of the federal and state constitutions.

At the hearing on the Objection to Transfer, the trial judge of the 264th District Court shared her recollection of administrative discussions among the judges about keeping related cases before the same judge and having the district attorney's office screen for cases that might be related:

> This Court has been here a long time and when we got the fifth court ... and before the new judge for the fifth court was appointed or came in, we had—we being, Judge Morris, Judge Adams, Judge Carroll, Judge Trudo, myself, the four judges, a big discussion along with the district attorney to try to figure out ... how our cases are to be divided with the new fifth court ... trying to keep some sort of continuity with people who typically that we have dealt with in the past so that the problems that we would have with one defendant with multiple cases ending up in different courts[,] to avoid those kinds [of problems].... We had a lot of administrative discussions multiple times before the fifth court came up into being and how it was to be handled coming along with discussions about the wheel and percentages and family law, all of this.

. . .

3

We thought it would be a lot better to have one judge hearing cases that may be related, doesn't matter who it is, it's just that we did that and we made those decisions.... I think that that may be memorialized in some sort of a plan letter so that all of us were aware, so that when we get something that says oh, wait, this defendant has been in a different court rather—we might—I might talk to the other judge and say, hey, you handled this, let me send it over there, if I know about it. Realistically that we are so overwhelmed with cases, only the DAs office is going to know who's tagged if you will, like a Facebook, who's tagged with being involved in certain cases. We don't know when they come in here, so the DA is the one who screens[.]

In response, defense counsel contended that "this is an unconstitutional procedure" and that "this case is still rightfully in the 27th District Court where it was originally assigned." He further disputed the court's recollection, stating that he did not believe there had been any kind of agreement among the judges allowing the district attorney to decide whether cases were related and thus, control which court received the cases. After taking the matter under advisement, on October 14, 2016, the court overruled the Objection to Transfer.

On December 1, 2016, the 264th district court issued an Order for Joinder of Parties and set the case for trial in March 2017. Thereafter, the parties filed a joint Motion to Transfer with the 169th District Court, in its capacity as the Administrative District Court of Bell County. Their motion to transfer reiterated arguments from their Objection to Transfer and specific complaints that there was no written transfer order. Their motion further contended that their cases were "transferred illegally," that "no [i]nterlocutory appeal [was] permissible," and that "appeal of this issue after trial would not provide a remedy."

The State filed a response to the motion to transfer, noting that the criminal case against Dears, which was filed before their cases, was assigned to the 264th District Court, which had handled Dears' two prior felony offenses. The district attorney's office had requested that the cases be moved from the 27th District Court

to the 264th District Court, where Dears' case was already pending. The State explained that the request followed the common practice in Bell County of "placing all co-defendant cases and related cases with the same Court." The State also noted that the discovery as to Diaz, Calderon, and Dears was exactly the same, that "all three cases [were] intricately related sharing the same witnesses, police officers, lab personnel, evidence, and recordings," and that the cases were part of the same criminal transaction of conspiracy to possess with intent to deliver methamphetamine. No ruling on the motion to transfer appears in the record.

Ultimately, on March 24, 2017, appellant pled guilty as charged in his indictment and without a plea agreement in the 264th District Court of Bell County. This appeal followed.

## II.    Analysis

In a single issue, appellant contends that his conviction should be reversed and remanded for a new trial in the proper court, arguing that his case was improperly transferred from the 27th District Court of Bell County trial court to the 264th District Court of Bell County. In essence, appellant argues that his judgment of conviction was void because the 264th District Court had no capacity to act as a court in his case.

### A.    Standard of Review

In reviewing a trial court's ruling, an appellate court must first determine the applicable standard of review. Here, because appellant's challenge to his judgment of conviction by the 264th District Court presents a question of law that does not depend on an evaluation of the credibility and demeanor of a witness, we review this question *de novo*. *See State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004)

5

(concluding that legal questions that do not turn on evaluation of credibility and demeanor of witness are reviewed *de novo*).

## B.    Discussion

The Third Court of Appeals, from which this case was transferred, recently issued its opinion in appellant's co-defendant's case in which she presented the same issue as appellant does here—that the transfer of her case was illegal and her conviction in the 264th District Court was void. *See Diaz v. State*, No. 03-17-00456-CR, 2018 WL 1916035, at *3 (Tex. App.—Austin Apr. 24, 2018, no pet. h.).

The Third Court of Appeals overruled Diaz' issue. *See Diaz v. State*, No. 03-17-00456-CR, 2018 WL 1916035, at **3–4 (Tex. App.—Austin Apr. 24, 2018, no pet. h.). We agree with the analysis on the issue in this case at set forth in *Diaz. See id.* Thus, appellant's issue is overruled for the reasons stated in *Diaz. Id.*

### III.    Conclusion

The trial court's judgment is affirmed.

/s/    John Donovan
Justice


Panel consists of Justices Christopher, Donovan, and Jewell.
Do Not Publish—Tex. R. App. P. 47.2(b).

6