

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-21-00196-CV
_____

COURTNEY MARIE BRISCO, APPELLANT

V.

BRANDOUN JOHN BRISCO, APPELLEE

On Appeal from County Court Number 1
Randall County, Texas
Trial Court No. 78,341-L1; Honorable James Anderson, Presiding

February 24, 2022

## ORDER DENYING
## EMERGENCY MOTION TO STAY JUDGMENT

Before QUINN, C.J., and PIRTLE and PARKER, JJ

On February 22, 2022, Appellant, Courtney Marie Brisco, proceeding *pro se*, filed her *Emergency Motion to Stay Judgment Pending Appeal,* "[p]ursuant to Fed. R. App. P. Rule 8(a)(2)(i)(ii)," asking this court for temporary relief from the *Final Decree of Divorce* that is the subject of the underlying appeal. In light of our disposition of Courtney's motion,

because said motion was filed as an "emergency" matter, in order to expedite a decision on this motion, we dispense with any requirement that Appellee, Brandoun John Brisco, respond to the motion. *See* TEX. R. APP. P. 2. For the reasons set forth hereinbelow, we deny the relief requested.

BACKGROUND

On August 5, 2020, the trial court signed temporary orders appointing Courtney and Brandoun as temporary joint managing conservators of their twin children (one male, one female), age 13. The temporary orders outlined the rights and duties of each parent, specifically granting to Courtney the right to establish the children's primary domicile.

A *Final Decree of Divorce* was signed on July 2, 2021. That decree also named Courtney and Brandoun as joint managing conservators of their two children; however, this time, the decree specifically granted Brandoun the right to establish the children's primary domicile "without regard to geographic location . . . ." Courtney filed a timely *Motion for New Trial* and *Request for Findings of Fact and Conclusions of Law* with respect to the divorce decree. The trial court denied the *Motion for New Trial* but entered findings of fact and conclusions of law related to the divorce. On September 29, 2021, Courtney timely filed her notice of appeal regarding the divorce decree. After two extensions relating to the reporter's record and two extensions relating to the appellant's brief, Courtney's brief is due February 28, 2022.

Courtney filed the emergency motion now before this court seeking protection from the perceived threat that Brandoun will remove the children beyond the jurisdiction of both the trial court and this court. Invoking Federal Rules of Appellate Procedure, Courtney

asks that this court restore the trial court's temporary orders of August 5, 2020, wherein she was granted the right to establish the children's domicile.

### APPLICABLE LAW

In a suit affecting the parent-child relationship, on the motion of any party or on the court's own motion, after notice and hearing, the trial court retains jurisdiction to enter any order necessary to preserve and protect the safety and welfare of a child during the pendency of an appeal as the trial court may deem necessary and equitable. *See* TEX. FAM. CODE ANN. § 109.001(a). Specifically, the trial court is granted the authority to enter temporary post-decree orders that would prohibit a person from removing a child beyond a geographic area identified by the court. *See id*. at § 109.001(a)(4). A party aggrieved by a temporary order issued under this section of the Family Code may seek review by either (1) petition for writ of mandamus or (2) proper assignment in the party's brief. *See id*. at § 109.001(b-5). The trial court retains jurisdiction to conduct a hearing and sign a temporary order under section 109.001 until the sixtieth day after the day any eligible party has filed a notice of appeal pursuant to the Texas Rules of Appellate Procedure. *See id.* at 109.001(b-2). *See also In re Jacquot,* No. 14-21-00022-CV, 2021 Tex. App. LEXIS 7371, at *4 (Tex. App.—Houston [14th Dist.] Sept. 2, 2021, no pet.).

While section 109.001(b-2) limits the time frame within which the trial court can issue temporary orders *in the proceeding on appeal,* it does not prohibit the trial court from issuing temporary orders in a subsequently-filed *new* modification proceeding. *Id.* at *5-6. Under the Texas Family Code, a petition seeking modification of the parent-child relationship is "considered a separate lawsuit and, as such, it seeks a substitute judgment that would replace an existing order in a suit affecting the parent-child relationship." *Id.*

at *6; *In re Reardon*, 514 S.W.3d 919, 924 (Tex. App.—Fort Worth 2017, orig. proceeding). The Texas Family Code treats the modification proceeding as a new "original" suit, not an ancillary order in the prior proceeding on appeal. *Blank v. Nuszen,* No. 01-13-01061-CV, 2015 Tex. App. LEXIS 8382, at *4 (Tex. App.—Houston [1st Dist.] Aug. 11, 2015, no pet.). As such, a modification proceeding results in a "new final order." *Id.* Because the Family Code treats a modification suit as an original proceeding, the trial court does not lack jurisdiction due to an appeal being taken from a final order in the prior proceeding. *In re Jacquot*, 2021 Tex. App. LEXIS 7371, at *6.

### ANALYSIS

In the dynamic world of human relationships, the Texas Family Code provides an overall statutory scheme for the modification of court orders affecting children during the pendency of an appeal from an order in a suit affecting the parent-child relationship. Section 109.001 is merely one component of that scheme, applying to modifications filed within sixty days of the filing of a notice of appeal. In situations occurring more than sixty days after the filing of a notice of appeal, a party seeking to modify an existing order must seek redress pursuant to the provisions of chapter 156 of the Texas Family Code. As the "court of continuing jurisdiction," the trial court is familiar with the background and circumstances of the parties and is best suited to hear evidence and make decisions concerning the health and welfare of the children the subject of this proceeding. Because Courtney has sought relief before this court when she should have filed her request with the trial court, we defer to the trial court to determine if such relief should be granted on the filing of an appropriate pleading.

**CONCLUSION**

Courtney's *Emergency Motion to Stay Judgment Pending Appeal* is denied.

Per Curiam