**Reverse and Remand and Opinion Filed June 9, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-20-00582-CV

## IN THE INTEREST OF S.W., A CHILD

**On Appeal from the 255th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-11-15911**

## MEMORANDUM OPINION
Before Justices Myers, Osborne, and Nowell
Opinion by Justice Nowell

This appeal arises from the family court's March 12, 2020 Order in Suit to Modify Parent-Child Relationship (2020 Order). In six issues, Mother argues the family court erred by (1) striking her pleadings; (2) reopening evidence without notifying her; (3) modifying the possession schedule; (4) modifying the amount of child support; (5) awarding attorney's fees to Father without sufficient evidence; and (6) awarding attorney's fees as additional child support. We reverse the family court's award of attorney's fees to Father and remand this cause to the family court for further proceedings consistent with this opinion.

## A.    Procedural History

Mother filed her notice of appeal with this Court on June 6, 2020; Mother's appeal challenges provisions of the 2020 Order and the trial court's actions leading up to entry of the 2020 Order. While this appeal was pending, Father filed a new Petition to Modify Parent-Child Relationship and a motion for enforcement in the same family court cause number. The family court held a bench trial on Father's petition and motion in November 2021, and the family court issued a new Order in Suit to Modify Parent-Child Relationship on December 4, 2021 (2021 Order) and an Order of Enforcement by Contempt. Neither the 2021 Order nor the Order of Enforcement was appealed.

On March 21, 2022, Mother filed a motion for new trial and a motion to extend post-judgment deadlines related to the 2021 Order. On April 8, 2022, this Court abated this appeal to provide the family court with an opportunity to consider Mother's pending motions. This Court also ordered Mother to file a status report regarding her pending motions no later than May 20, 2022. Mother did not file a status report. On May 31, 2022, this Court reinstated the appeal.

## B.    Mootness

Father argues the first four issues in Mother's appeal are moot because those issues all relate to the 2020 Order, which was superseded by the 2021 Order.

An appellate court lacks jurisdiction to decide a moot controversy. *See, e.g., In re G.E.D.*, No. 05-16-01285-CV, 2018 WL 507673, at *1 (Tex. App.—Dallas

Jan. 23, 2018, no pet.) (mem. op.) (citing *Blank v. Nuszen*, No. 01–13–01061–CV, 2015 WL 4747022, at *2 (Tex. App.—Houston [1st Dist.] Aug. 11, 2015, no pet.) (mem. op.)). "[A] suit can become moot at any time, including on appeal, and . . . courts have an obligation to take into account intervening events that may render a lawsuit moot." *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 166–67 (Tex. 2012); *see also Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001) (justiciable controversy between the parties must exist at every stage of the legal proceedings, including appeal, or the case is moot). "If a controversy ceases to exist—the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome— the case becomes moot." *Lara*, 52 S.W.3d at 184; *see also In re G.E.D.*, 2018 WL 507673, at *1 (citing *Nuszen*, 2015 WL 4747022, at *2). "When a SAPCR is modified, the new order does not suspend the prior order, it replaces it. The new order renders the prior order ineffective—moot. *See In re Reardon*, 514 S.W.3d 919, 927 (Tex. App.—Fort Worth 2017, no pet.).

Each of Mother's first four issues relate to the proceedings leading up to the entry of the 2020 Order and the terms of the 2020 Order, specifically the possession schedule and the amount of child support. However, the family court's 2021 Order constitutes a new and final order that supersedes the 2020 Order on all matters challenged in Mother's first four issues. *See id.*; *see also Nuszen*, 2015 WL 4747022, at *2. Despite the existence of a justiciable controversy between the parties at the time Mother filed her notice of appeal, the subsequent 2021 Order changed the

–3–

circumstances and mooted Mother's first four issues. Even if we found in favor of Mother on any of her first four issues, Mother would not obtain any relief. We conclude the first four issues of Mother's appeal are moot because they no longer present any "live" controversy.

### C. Attorney's Fees

An entire case is not rendered moot because some issues become moot during the appellate process. *See State ex rel. Best v. Harper*, 562 S.W.3d 1, 6 (Tex. 2018). When only some issues become moot, the case remains "live" as to the issues that are not moot. *See id.*

In her fifth issue, Mother argues the evidence is insufficient to support the family court's award of attorney's fees. In its 2020 Order, the family court found Father incurred $145,710.00 in reasonable attorney's fees, expenses, and costs. Based on its finding that it was necessary for Father to incur these fees to protect the child, the family court charged the fees as additional child support and ordered Mother to pay $157,175.71 to Father. As a complaint about attorney's fees, Mother's fifth issue remains "live." *See Matter of Marriage of Comstock*, 639 S.W.3d 118, 128 (Tex. App.—Houston [1st Dist.] 2021, no pet.); *In re J.O.A.*, No. 14-14-00968-CV, 2016 WL 1660288, at *4 (Tex. App.—Houston [14th Dist.] Apr. 26, 2016, no pet.) (mem. op.); *Medrano v. Zapata*, No. 03-12-00131-CV, 2013 WL 6921500, at *4 (Tex. App.—Austin Dec. 31, 2013, no pet.) (mem. op.).

In Texas, each party generally must pay its own attorney's fees. *Rohrmoos Venture v. UTSW DVA Healthcare*, LLP, 578 S.W.3d 469, 483 (Tex. 2019). However, a trial court may award reasonable attorney's fees, expenses, and costs in a suit affecting the parent-child relationship. *See* TEX. FAM. CODE ANN. § 106.001, .002. The question of whether a trial court's award of attorney's fees is reasonable and necessary is reviewed for an abuse of discretion. *See El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 761 (Tex. 2012).

A party seeking attorney's fees "bears the burden of providing sufficient evidence" of both the reasonable hours worked and a reasonable hourly rate. *Rohrmoos*, 578 S.W.3d at 498. Sufficient evidence includes, at a minimum, evidence of (1) particular services performed, (2) who performed those services, (3) approximately when the services were performed, (4) the reasonable amount of time required to perform the services, and (5) the reasonable hourly rate for each person performing such services. *Id*. "General, conclusory testimony devoid of any real substance will not support a fee award." *Id*. at 501. "Thus, a claimant seeking an award of attorney's fees must prove the attorney's reasonable hours worked and reasonable rate by presenting sufficient evidence to support the fee award sought." *Id*. at 501–02. Contemporaneous billing records are not required to prove the requested fees are reasonable and necessary, but they "are strongly encouraged to prove the reasonableness and necessity of requested fees when those elements are contested." *Id*. at 502.

–5–

In *Rohrmoos*, appellee's attorney testified that his fees of $800,000 were reasonable and necessary because he and his staff reviewed "'millions' of emails and review[ed] 'hundreds of thousands' of papers in discovery, more than forty depositions taken, and a forty-page motion for summary judgment." *Id*. at 476. The Texas Supreme Court concluded this testimony was "too general to establish that the requested fees were reasonable and necessary." *Id*. at 505. "Without detail about the work done, how much time was spent on the tasks, and how [the attorney] arrived at the $800,000 sum," the court concluded the attorney's testimony lacked "the substance required to uphold a fee award." *Id*.

Father's counsel, Peggy Pasquini, testified on October 14, 2019, that Father's fees and expenses in the case totaled $152,007. Pasquini has practiced family law for twenty-three years and another attorney representing Father, Pat Keane, has practiced family law for forty-one years. Pasquini and Keane each charge $350 per hour and their legal assistant charges $125 per hour. Pasquini and Keane billed 348.5 hours for their work, and their assistant billed 180.25 hours.

Pasquini testified Father engaged a criminal attorney, Danny Clancy, because "[Mother] had [Father] arrested." Clancy charged a flat fee of $7,000. She explained that Clancy's work included having Father released from jail and helping "the police to discover what had truly happened in this case."

Pasquini asked the family court to review her bills in camera, and the judge responded that Pasquini needed to redact the bills instead. Pasquini did not provide

–6–

redacted fee statements until a hearing on March 12, 2020, when she provided billing statements for work done in August 2019, October through December 2019, and January through March 2020. The billing records did not substantiate the $152,007 in fees that Pasquini requested in October 2019.

At the March 12, 2020 hearing, Pasquini did not testify; Pasquini informed the family court that she and Keane both charge $350 per hour, which is less than is usual for people with their experience in their field in Dallas County, they did not accept other representations because of this case, and their fee is customary.

Mother concedes the record includes evidence showing an hourly rate of $350.00 for each attorney and $125.00 for their assistant. However, she argues there is insufficient evidence of the particular services performed, who performed the services, when the services were performed, and a reasonable amount of time required to perform the services. We agree.

While Father's counsel provided billing invoices to substantiate some of the fees Father incurred from August 2019 through March 2020, the evidence in total is insufficient to support the family court's award. As for the fees requested in October 2019, which is the amount the family court awarded in March 2020, we agree with Mother that the evidence is insufficient to show which services were performed, who performed the services, approximately when the services were performed, and a reasonable amount of time required to perform the services. *See Rohrmoos*, 578 S.W.3d at 502. Additionally, no billing records were provided for the work

performed by Clancy. Because Father failed to provide the information required by *Rohrmoos*, we conclude the evidence is insufficient to support the fee award and the trial court abused its discretion by awarding attorney's fees. Accordingly, we sustain Mother's fifth issue, we reverse the fees award, and we remand for further proceedings relating to Father's request for attorney's fees. *See id.*; *see also Ferrant v. Lewis Brisbois Bisgaard & Smith, L.L.P.*, No. 05-19-01552-CV, 2021 WL 2963748, at *6 (Tex. App.—Dallas July 14, 2021, no pet.) (mem. op.) (reversing fee award based on insufficient evidence and remanding to trial court for further proceedings related to request for attorney's fees).

In light of our conclusion that the evidence is insufficient to support the attorney's fee award, we need not consider Mother's sixth issue in which she argues the family court abused its discretion by awarding the attorney's fees as additional child support. *See* TEX. R. APP. P. 47.1.

### D. Conclusion

We dismiss Mother's first four issues as moot. In response to her fifth issue, we reverse the award of attorney's fees, and we remand this cause to the family court for further proceedings relating to Father's request for attorney's fees. We decline

to consider Mother's sixth issue.

200582f.p05

/Erin A. Nowell//
ERIN A. NOWELL
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

IN THE INTEREST OF S.W., A
CHILD

No. 05-20-00582-CV

On Appeal from the 255th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DF-11-15911.
Opinion delivered by Justice Nowell.
Justices Myers and Osborne
participating.

In accordance with this Court's opinion of this date, we **REVERSE** the family court's award of attorney's fees to appellee Father and **REMAND** this cause to the family court for further proceedings consistent with this opinion.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 9th day of June 2022.