

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-24-00014-CV

IN THE INTEREST OF M.C., A CHILD

On Appeal from the 354th District Court
Hunt County, Texas
Trial Court No. 90939

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens
Dissenting Opinion by Justice Rambin

## MEMORANDUM OPINION

Appellant, the Texas Department of Family and Protective Services, filed an agreed motion informing the Court that the parties have settled the dispute at issue in this appeal and requesting that we "set aside the trial court's judgment without regard to the merits and remand the case to the trial court for rendition of judgment in accordance with [the terms of the parties'] agreement." TEX. R. APP. P. 42.1(a)(2)(B). After consideration of the motion, we grant the motion, set aside the trial court's judgment without regard to the merits, and remand the case to the trial court for rendition of judgment in accordance with the parties' agreement. *See id.*; *see also* TEX. R. APP. P. 43.2(d).


Scott E. Stevens
Chief Justice


## DISSENTING OPINION

I would have denied the motion and examined the questions raised by denial. I, therefore, dissent.

The appeal before this Court was brought by the Department of Family and Protective Services. The Department seeks relief from the trial court's final order of February 22, 2024, naming the Department as the sole managing conservator of the child.

On April 30, 2024, the Department filed a motion in this Court stating that the parties had reached an agreement. The motion asked that this Court dismiss the appeal with an order of this Court directing the trial court to effectuate the terms of the agreement of the parties. The motion,

2

however, did not attach any agreement. So, on May 9, 2024, this Court denied the motion without prejudice. Later that same day, the Department refiled the motion, this time attaching a proposed order bearing the trial court's cause number and style, with a signature line for the trial court, and below that, signature blocks for the parties approving the proposed trial court order. The proposed order was crafted so as not only to resolve the appeal before this Court, but also to dismiss the entire case pending in the trial court. The parties had signed the proposed order.

The signature line for the trial court was blank.

On May 22, 2024, we abated this appeal with directions for the trial court to determine whether the proposed order was in the best interest of the child. We set a deadline for the parties to provide us with supplemental clerk's and reporter's records regarding the trial court's determination.

The supplemental reporter's record revealed how the motion, and then the motion with the proposed order, had failed to inform this Court of a crucial fact. In the supplemental reporter's record, the trial court stated that it was aware of—and *disapproved*—what the parties were going to submit to this Court *before* they submitted it. In other words, the signature line on the proposed order was blank because the trial court believed that the proposed order was *not* in the best interest of the child. The Department knew that when it refiled its motion with the proposed order attached.

## I.     Denial of the Motion

The motion, both the initial motion, and the motion with the appended proposed order, were filed in this Court pursuant to Rule 42.1(a)(2)(B) of the Texas Rules of Appellate Procedure.  *See* TEX. R. APP. P. 42.1(a)(2)(B).  That rule provides,

> In accordance with an agreement signed by the parties or their attorneys and filed with the clerk, the [appellate court] may . . . set aside the trial court's judgment without regard to the merits and remand the case to the trial court for rendition of judgment in accordance with the agreement.

*Id.*  Given the context, it appears that the Department believed that Rule 42.1(a)(2)(B) means that, once the parties announce an agreement, the Court must accept the agreement without question, dismiss the appeal, and order the trial court to implement the agreement—even when the trial court believes the agreement regarding the appeal is against the child's best interest.  As a step along the path to mootness, I would have declared that view incorrect.

To begin with, Rule 42.1(a)(2)(B) is expressed in terms of what a court of appeals "may" do.  *See id.*  Further, it is questionable whether, in the abstract, a proposed order amounts to an agreement under Rule 42.1(a)(2)(B).  In the context presented here, I would find that the proposed order does *not* constitute an agreement sufficient to warrant dismissal of the appeal, much less to warrant an order of this Court directing the trial court to dismiss the entire case.

The reason the proposed order of May 9, 2024, in my view, does not constitute an agreement is because it omits the assent of the trial court.  Read literally, and in isolation, Rule 42.1(a)(2)(B) does not require the agreement to be approved by the trial court.  But I decline to read the rule literally and in isolation in the context of this case.  "The best interest of the child shall always be the primary consideration of the court in determining the issues of

4

conservatorship and possession of and access to the child." TEX. FAM. CODE ANN. § 153.002. The Texas Rules of Appellate Procedure are for all manner of cases, whereas the Texas Family Code is more specifically directed to the case at hand, and the Texas Family Code has mandatory language ("shall"). In the trial court, an agreement, pursuant to Rule 11 of the Texas Rules of Civil Procedure, cannot be used to evade the requirement of a best-interest finding.[1] *See* TEX. R. CIV. P. 11. I would hold that the same is true on appeal; an agreement pursuant to Rule 42.1(a)(2)(B) cannot be used to evade the requirement of a best-interest finding.

But this raises the question of *which court* should decide whether an agreement presented to a court of appeals is in the child's best interest. "As conservatorship determinations are 'intensely fact driven,' the trial court is in the best position to 'observe the demeanor and personalities of the witnesses and can "feel" the forces, powers, and influences that cannot be discerned by merely reading the record . . . .'" *In re J.J.R.S.*, 627 S.W.3d 211, 218 (Tex. 2021) (citations omitted).

On May 28, 2024, pursuant to that remand, the trial court signed an order terminating the Department's conservatorship of the child. At the hearing on remand, the trial court made clear that it did not believe that this outcome was in the child's best interest: "Make sure you don't say that I believe it's in the best interest, please. Because I can't sign that." The trial court expressed a sense of feeling "boxed-in" to this unfortunate result because of the actions of the child and inaction of the Department. The May 22, 2024, order of this Court directing the trial

---

[1] *In re I.G.*, No. 02-21-00119-CV, 2021 WL 3556955, at *3 (Tex. App.—Fort Worth Aug. 12, 2021, pet. denied) (mem. op.) ("Generally, a trial court has a ministerial duty to enforce a valid Rule 11 agreement. But under the [Texas] Family Code, an agreement concerning conservatorship and possession of a child must be enforced by the trial court only if the court finds that the agreement is in the child's best interest." (Citations omitted)).

court to rule on best interest likely compounded the trial court's sense of being "boxed in." It is an order I would not have assented to, a box I would not have put the trial court in, if I had been told up front by the Department that the trial court was aware of the May 9, 2024, proposed order but had refused to sign it.

The primacy of "best interest of the child" in conservatorship matters could hardly have been a surprise to the Department. That fuels my frustration with the Department's repeated failure to tell this Court that their motion, and the relief it sought thereby, was, in the trial court's view, not in the child's best interest. The Department faces the difficult task of dealing with children in difficult circumstances. But that is not license for the conduct the Department has engaged in here. *See Tex. Dep't of Fam. & Protective Servs. v. New Jersey*, 644 S.W.3d 189, 193 n.2 (Tex. 2022) ("We encourage more prompt communication regarding such case-turning developments from all litigants, but particularly from a state agency that frequently appears in our courts.").

Regardless of how I think things ought to have been done, the question remains what to do with the May 28, 2024, order. That order states that the parties, including the Department, believe it in the best interest of the child for the Department to be relieved from conservatorship of the child. That order grants that relief to the Department. But the order is carefully crafted so as not to contain an express best-interest finding by the trial court. I would find, in the context of

this case, that a "best-interest" finding of the trial court was required for there to be an agreement warranting dismissal under Rule 42.1(a)(2)(B).[2]

Since the motion was not supported by such a finding,[3] I would deny the motion.

## II.     Voidness and Mootness

If the Department's motion were denied, this Court would have an appeal pending on its docket. Best-interest finding aside, the upshot of the Department's motion is that none of the parties wish to see the appeal go forward.

The trial court's order on remand of May 28, 2024, granted the Department the relief it seeks via appeal. It, therefore, appears that the issues presented by the appeal were mooted by the trial court's order. *See id.* at 192 (an appeal is moot "when a justiciable controversy no longer exists between the parties or when the parties no longer have a legally cognizable interest in the outcome").

In other words, it appears that this appeal is moot even though the trial court's order making the appeal moot is also, in the trial court's view, contrary to the child's best interest.

On the one hand, though the May 28, 2024, order does not contain a best-interest finding, the trial court had jurisdiction to enter it. And if the trial court had jurisdiction to enter it, it is

---

[2]This does not render "without regard to the merits" superfluous. TEX. R. APP. P. 42.1(a)(2)(B). Were the trial court to give its "best-interests" blessing to an agreement, then Rule 42.1(a)(2)(B) would be an indication that the appellate court should not undertake a review of the trial court's agreement-related "best-interests" finding. This, of course, is bearing in mind that Rule 42.1(a) speaks in terms of what a court of appeals "may" do.

[3]There is sound argument that, looking at the text of the May 28, 2024, order, it did contain at least an implied finding of best interest from the trial court, and further, that looking at the text of that order is all that is permissible. To me, though, there is at least enough ambiguity in that order to read it in conjunction with the reporter's record of the hearing leading to that order. Either way, what to make of the May 28, 2024, order is an unnecessary problem created by the Department, because that order is the result of the sequence of events set in motion by the Department.

7

not void. "A judgment is void only when it is apparent that the court rendering judgment 'had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act.'" *In re G.X.H.*, 627 S.W.3d 288, 298 (Tex. 2021) (citation omitted). At a permanency hearing following a final order, a trial court has statutory subject-matter jurisdiction to consider "why it continues to not be in the best interest of the child to: (a) return home." TEX. FAM. CODE ANN. § 263.5031(a)(4)(F)(ii)(a) (Supp.). A trial court retains jurisdiction even during the pendency of an appeal. *See In re Reardon*, 514 S.W.3d 919, 927 (Tex. App.—Fort Worth 2017, orig. proceeding) (holding that the Texas Family Code constitutes an "overall statutory scheme designed to provide avenues of relief at multiple levels and in fluid circumstances . . . an integrated approach to address the unique circumstances that arise in the ever-changing environment of family life"). More broadly, "[e]ven after issuing a final order, a trial court may act to protect the safety and welfare of a child by issuing protective orders, by issuing temporary orders during an appeal, by ruling on motions to modify, or through habeas corpus proceedings, again upon proper motion." *In re Lee*, 411 S.W.3d 445, 456–57 (Tex. 2013) (orig. proceeding).

On the other hand, there is the directive of the Texas Legislature that "[t]he best interest of the child shall always be the primary consideration of the court in determining the issues of conservatorship and possession of and access to the child." TEX. FAM. CODE ANN. § 153.002.

This situation, to put it mildly, presents a conundrum.

I would have preferred to request briefing on voidness and mootness. Though I suspect strongly that the trial court's May 28, 2024, order is not void, and it, therefore, moots the appeal,

8

I would not have wanted to make that decision without reviewing briefing from the parties regarding this unusual situation and the vexing questions it sets aflight.

Hopefully, this situation proves rarer than unusual. Hopefully it never happens again.


Jeff Rambin
Justice

Date Submitted:     July 2, 2024
Date Decided:       July 3, 2024