

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-16-00401-CV

———————————————————

IN THE INTEREST OF S.R., A CHILD

On Appeal from the 325th District Court
Tarrant County, Texas
Trial Court No. 325-425702-07

Before Sudderth, C.J.; Kerr and Pittman, JJ.
Memorandum Opinion by Justice Pittman

**MEMORANDUM OPINION**

Appellant M.S. (Mother) appeals from the trial court's "2nd Reformed Order in Suit to Modify Parent-Child Relationship" (2nd Reformed Order). Because we hold that the trial court did not abuse its discretion by ordering Mother to pay the attorney's fees of R.R. (Father), we affirm the 2nd Reformed Order as modified.

## BACKGROUND

Father and Mother have battled over their child S.R. most of her life. She was four years old at the time of their divorce; she is now fourteen. In Mother's appeal of the 2nd Reformed Order—the trial court's latest final order—she originally raised five issues—three issues challenging the order's conservatorship, possession, and access provisions (and certain related findings of fact and conclusions of law) regarding S.R. (Issues One through Three); one issue contending that the trial court abused its discretion by ordering Mother to pay Father's attorney's fees (Issue Four); and one issue contending that if this court reverses the 2nd Reformed Order and remands this case to the trial court based on the conservatorship, possession, or access provisions, we should also direct that court to reconsider attorney's fees, child support, and medical support in the interest of justice (Issue Five).

On June 27, 2018, in a new modification proceeding (new proceeding) begun in the trial court before the filing of this appeal, Mother and Father modified the 2nd Reformed Order by entering into a Rule 11 Agreement in open court and on the record. To his "Response to [This] Court's Request to Show Cause for Continuation"

2

of this appeal (supplemental brief), Father attached a reporter's record of the June 27, 2018 hearing in which Mother's trial counsel read the Rule 11 Agreement into the record and the trial court approved it. Highlights of the Rule 11 Agreement include:

1. Both parents will be named joint managing conservators;

2. Neither parent will have the exclusive right to determine S.R.'s primary domicile;

3. S.R.'s domicile will be restricted to Denton and Tarrant Counties;

4. The parents will alternate weekly possession of S.R. during the school year and 14-day periods of possession of her during her summer vacation from school;

5. The parents will have standard holiday possession as provided in the trial court's live temporary orders;

6. No parent is restricted from attending S.R.'s local school activities not requiring a chaperone, but the parent not in possession is to limit contact with the child during the activity;

7. S.R. will remain at her private school absent written agreement otherwise and both parents will be responsible for the school's tuition and other expenses, prorated based on their earnings or earning potential. If the school only allows one payor, Father will pay the school and Mother will reimburse him for her portion;

8. Those payments for tuition and school expenses will constitute child support, and there will not otherwise be periodic child support;

9. Father will pay health insurance premiums, and he and Mother will split the deductibles and "uninsured stuff" evenly; and

10. The parent in possession must make S.R. available every Wednesday night at 8 p.m. for a maximum thirty-minute telephone conversation with the other parent absent 24 hours' notice of a scheduling change.

In his recitation of the Rule 11 Agreement, Mother's trial counsel stated with no objection,

> There is currently pending an appeal. There is no agreement at this point on what to do, if anything, about the appeal. And the appeal is its own—has its own life, because there's other things in it besides custody and monetary business, and . . . if we settle this case here we'll just simply advise the Court to settle—if the appeals court settles then here is this . . . . That will be up to them, I guess.

Father's trial counsel stated afterward in the hearing that Mother's trial counsel "accurately described the agreement" they had "negotiated on behalf of the parties."

Mother has attached to her "Supplemental Brief and Notice of Partial Settlement" (supplemental brief) filed in response to this court's show-cause order a July 12, 2018 order signed by Mother's and Father's trial counsel and the trial court clarifying that the Rule 11 Agreement terminated Mother's prior periodic child-support obligation:

> On June 27, 2018, the parties entered into a Rule 11 Agreement which was read into the record. IT IS ORDERED that [Mother]'s obligation to pay current child support is terminated effective June 27, 2018. Any issue of overpayment or underpayment will be addressed in a final typed order to be entered herein.

Further, in Mother's supplemental brief, she recognizes that the Rule 11 Agreement also modified the 2nd Reformed Order's provisions regarding the conservatorship and possession of and access to S.R. While the parents' negotiations of unresolved issues in the new proceeding continue, the Rule 11 Agreement resolves most of the issues in this appeal as well as most of the issues in the new proceeding.

4

## DISCUSSION

**I.     After the Rule 11 Agreement, All of Mother's Appellate Issues Except the Issue Challenging the Award of Attorney's Fees Are Moot.**

The parties agree in their supplemental briefs that Mother's issues concerning conservatorship, possession, and access are moot. As this court explained in an earlier opinion concerning these parties,

> [T]he law generally provides that, despite the existence of a justiciable controversy between the parties at the time the dispute arose or the appeal was taken, changed circumstances may moot a complaint. Thus, for any number of reasons, a complaint regarding a final judgment—whether arising under the family code or any other civil law provision—can become moot prior to resolution of the matter on appeal.

*In re R*_____, 514 S.W.3d 919, 927–28 (Tex. App.—Fort Worth 2017, orig. proceeding) (citations omitted).

Based on (1) the Rule 11 Agreement and the July 12, 2018 agreed order quoted above, which we may consider despite their absence from the appellate record, *see* Tex. Gov't Code Ann. § 22.220(c) (West Supp. 2018); *Robbins v. Robbins*, 550 S.W.3d 846, 853 (Tex. App.—Fort Worth 2018, no pet.), (2) Mother's representations in her supplemental brief, and (3) Father's representations in his supplemental brief, we agree with the parties that Mother's conservatorship, possession, and access issues on appeal are now moot. We therefore dismiss Mother's first three issues as moot. *See* *R*_____, 514 S.W.3d at 928, 930 (recognizing that a subsequent modification can moot a pending appeal of an order in a suit affecting the parent-child relationship); *In re B.W.E.*, No. 14-13-00467-CV, 2014 WL 259869, at *1–2 (Tex. App.—Houston

5

[14th Dist.] Jan. 9, 2014, no pet.) (mem. op.) (dismissing appeal as moot when father's issues challenged child-support obligations but an agreed judgment terminated all child-support obligations and unconditionally released the arrearage); *In re D.S.*, No. 04-09-00757-CV, 2011 WL 240446, at *1 (Tex. App.—San Antonio Jan. 26, 2011, no pet.) (mem. op.) (dismissing appeal based on agreed motion both referencing a rule 11 agreement dispositive of father's issues and conceding that mother's sole issue was moot).

We further dismiss as moot Mother's fifth issue, which seeks a remand for reconsideration of child support, medical support, and attorney's fees if we reverse and remand as to any of the now moot issues. We are dismissing the moot issues, not reversing and remanding based on them. *See R_____*, 514 S.W.3d at 928, 930; *B.W.E.*, 2014 WL 259869, at *1–2; *D.S.*, 2011 WL 240446, at *1. Based on the Rule 11 Agreement and the parties' representations to this court, we also vacate those portions of the 2nd Reformed Order addressing conservatorship, possession, access, and Mother's periodic child-support obligation. *See Speer v. Presbyterian Children's Home & Serv. Agency*, 847 S.W.2d 227, 230 (Tex. 1993); *Messier v. Messier*, 458 S.W.3d 155, 162–63 (Tex. App.—Houston [14th Dist.] 2015, no pet.); *Meeker v. Tarrant Cty. College Dist.*, 317 S.W.3d 754, 759 (Tex. App.—Fort Worth 2010, pet. denied).

## II. Our Resolution of Mother's Attorney's-Fee Issue Is Not Dependent on the Rule 11 Agreement, Nor Is It Moot.

### A. The Rule 11 Agreement Does Not Mandate that We Reverse the Attorney's Fee Award and Render that Father Take Nothing.

In her supplemental brief, Mother argues that the parties' Rule 11 Agreement "is essentially a complete reversal" of the 2nd Reformed Order, and therefore the trial court's order that she pay Father's attorney's fees should be reversed, and Father should take nothing. Mother also specifically contends that "[b]ecause the parties . . . corrected [the first] point of error by agreement, the attorney's fees awarded based on that error should be reversed." Mother cites no authority for these propositions. We therefore reject them as inadequately briefed. *See Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284–85 (Tex. 1994) (discussing the "long-standing rule" that point may not be preserved due to inadequate briefing); *Tello v. Bank One, N.A.*, 218 S.W.3d 109, 116 (Tex. App.—Houston [14th Dist.] 2007, no pet.).

In the interest of justice, however, we note the following. *First*, the Rule 11 Agreement does not allude to any agreed trial court error. *Second*, the Rule 11 Agreement does not reverse or mandate reversal of any portion of the 2nd Reformed Order. *Third*, Mother acknowledges that the Rule 11 Agreement moots all her issues except the attorney's-fee issue and that we must *dismiss* those moot issues and set aside the related portions of the 2nd Reformed Order. *See Speer*, 847 S.W.2d at 230; *Messier*, 458 S.W.3d at 162–63; *Meeker*, 317 S.W.3d at 759. *Fourth*, the Supreme Court of Texas has explained that dismissals based on mootness are not merits-based:

7

> Dismissal for mootness is not a ruling on the merits. Rather, the court's duty to dismiss moot cases arises from a proper respect for the judicial branch's unique role under our constitution: to decide contested cases. Under our constitution, courts simply have no jurisdiction to render advisory opinions. Tex. Const. art. II, § 1.

*Speer*, 847 S.W.2d at 229. *Fifth*, Rule 43.2 of the Texas Rules of Appellate Procedure lists dismissals and reversals as different types of judgments. Tex. R. App. P. 43.2(c)–(f). *Finally*, whether Mother's conservatorship, possession, access, or child-support complaints mooted by the Rule 11 Agreement had any merit when they were live or whether the Rule 11 Agreement now makes her a "prevailing party" does not control an analysis of the award of attorney's fees under Section 106.002 of the Texas Family Code. *See* Tex. Fam. Code Ann. § 106.002(a) (West 2014) (providing in a title V lawsuit, which includes modifications, "the court may render judgment for reasonable attorney's fees and expenses"). As our sister court in Austin has explained,

> Under the Family Code, the trial court has discretion to render judgment for reasonable attorney's fees . . . . [S]ection 106.002 does not include language imposing either a "prevailing party" or "good cause" requirement, and we are not persuaded that these standards should be read into section 106.002 . . . . When the legislature intends to impose a prevailing-party or good-cause requirement, it does so with express language.

*Coburn v. Moreland*, 433 S.W.3d 809, 838 (Tex. App.—Austin 2014, no pet.) (citations and internal quotation marks omitted). We therefore reject Mother's contention that the Rule 11 Agreement, which mandates dismissal of the issues it resolves, also mandates both our reversal of the 2nd Reformed Order as to the provision ordering

8

her to pay Father's attorney's fees and our rendition that he take nothing when that issue was excluded from the Rule 11 Agreement.

**B.      The Rule 11 Agreement's Mooting of Mother's Other Issues Does Not Moot Her Attorney's-Fee Issue.**

Our rejection of Father's contention that Mother's attorney's-fee issue is moot based on the mootness of the underlying issues is based on some of the same grounds as our rejection of Mother's contentions.  We do not read Father's supplemental brief to agree with Mother that he should take nothing.  Rather, he appears to contend therein that the attorney's-fee award should stand, but Mother's challenge to it should be dismissed as moot.  We disagree.

As the Supreme Court of Texas recently reiterated, "[A] case 'is not rendered moot simply because some of the issues become moot during the appellate process.' If only some claims or issues become moot, the case remains 'live,' at least as to other claims or issues that are not moot."  *State ex rel. Best v. Harper*, No. 16-0647, 2018 WL 3207125, at *2 (Tex. June 29, 2018) (quoting *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding)); *Messier*, 458 S.W.3d at 163 (quoting same).  Mother's attorney's-fee issue is still live because she has not conceded that she should have to pay the fee and Father has not relinquished his claim to the award.  *See Messier*, 458 S.W.3d at 162.  Further, because section 106.002 of the Texas Family Code did not require Father to be a prevailing party before the trial court could award him attorney's fees under the statute, *see Coburn*,

9

433 S.W.3d at 838; *see also* Tex. Fam. Code Ann. § 106.002(a), the Rule 11 Agreement's changes to the conservatorship, possession, access, and child-support provisions do not control an analysis of Mother's contention that the trial court abused its discretion by ordering her to pay Father's attorney's fees. We therefore address Mother's fourth issue raised in her opening brief.

## III. The Trial Court Did Not Abuse Its Discretion by Ordering Mother to Pay Father's Attorney's Fees.

In her fourth issue, Mother contends that the trial court abused its discretion by granting Father a judgment for attorney's fees against her. The 2nd Reformed Order contains the following provision:

*Attorney's Fees*
> IT IS ORDERED that good cause exists to award and IT IS ORDERED that [Father] is awarded a judgment against [Mother] in the amount of forty-five thousand dollars ($45,000.00) for attorney's fees, with interest at 5% . . . per year compounded annually from the date the judgment is signed until paid. The judgment, for which let execution issue, is awarded against [Mother]. [Father] may enforce this judgment by any means available for the enforcement of a judgment for debt. [Mother] is ORDERED to pay the fees and interest to [Father] at his address by cash, cashier's check, or money order.

Mother alleges without explanation that there is no evidence that Father's attorney's fees were necessary for S.R.'s safety and welfare or were necessaries or that it was in S.R.'s best interest to award attorney's fees against Mother. To the extent Mother alleges that such evidence was required, she does not cite any law for such requirement; we therefore reject her argument as inadequately briefed. *See Fredonia State Bank*, 881 S.W.2d at 284–85; *Tello*, 218 S.W.3d at 116. In the interest of justice,

10

we note that the trial court merely ordered that the award of attorney's fees may be enforced as a debt; *see* Tex. Fam. Code Ann. § 106.002(a); the trial court did not order that the award could be enforced as child support. *See Guillory v. Boykins*, 442 S.W.3d 682, 692–93 (Tex. App.—Houston [1st Dist.] 2014, no pet.); *see also* Tex. Fam. Code Ann. § 157.167 (West 2014) (providing attorney's fees and costs awarded in enforcement proceedings may be enforced as child support). Mother does not otherwise independently challenge the award of attorney's fees. We therefore overrule her fourth issue.

## CONCLUSION

Having (1) held Mother's first, second, third, and fifth issues moot; (2) set aside the related provisions of the 2nd Reformed Order; and (3) overruled her fourth issue, we affirm the trial court's 2nd Reformed Order as modified.

/s/ Mark T. Pittman
Mark T. Pittman
Justice

Delivered: December 27, 2018

11