**Scott Wesley HUDSON, Appellant,**

v.

**Merry MARKUM, Appellee.**

No. 05–95–00526–CV.

Court of Appeals of Texas, Dallas.

May 23, 1996.

Dee Hudson Peavy, Peavy & Peavy, L.L.P., Graham, for Appellant.

George M. Barnes, Assistant Attorney General, Austin, Lynn Cherry, Attorney at Law, Dallas, for Appellee.

Before MALONEY, MORRIS, and HANKINSON, JJ.

## OPINION

MALONEY, Justice.

Merry Markum sued Scott Wesley Hudson to establish his paternity of her minor daughter and for child support and other damages.[1] While that case was pending on appeal, Hudson filed in the trial court a motion to modify his child support payments. The trial court dismissed the motion for want of jurisdiction.[2] In a single point of error, Hudson contends the trial court erred in dismissing the motion to modify and motion to discharge the attorney ad litem.[3] Because the trial court retained jurisdiction to hear any proceeding affecting the parent-child relationship, we reverse the trial court's order and remand the cause for further proceedings.

## BACKGROUND

When Hudson moved the trial court to decrease his child support payments, he alleged a material and substantial change in circumstances. The trial court refused to hear Hudson's motion to modify, stating it had no jurisdiction under section 11.11(e) of the Texas Family Code. The trial court's order expressly stated that jurisdiction over the motion to modify "lies in the Court of Appeals."

Hudson then petitioned this Court to mandamus the trial court to hear his motion to modify. We directed the trial court to either set the motion for hearing or enter an order dismissing it for want of jurisdiction. In response, the trial court dismissed Hudson's motion to modify for lack of jurisdiction. This appeal followed.

## JURISDICTION

### 1. Applicable Law

■ Once a court acquires jurisdiction of a suit affecting the parent-child relationship:

that court retains continuing, exclusive jurisdiction of all parties and matters provided for under this subtitle in connection with the child. No other court of this state has jurisdiction of a suit affecting the parent-child relationship with regard to that child except on transfer as provided in Section 11.06, 11.061 or 17.06 of this code.

TEX.FAM.CODE ANN. § 11.05(a) (Vernon Supp. 1995) (current version at TEX.FAM.CODE ANN. §§ 155.001, 155.002 (Vernon 1996)).[4] A "suit affecting the parent-child relationship" includes a suit to determine paternity. *See* TEX.FAM.CODE ANN. § 11.01(5) (Vernon Supp. 1995) (current version at TEX.FAM.CODE ANN. § 101.032(a) (Vernon 1996)). A motion to modify child support is also a "suit affecting the parent-child relationship." *Leonard v. Paxson,* 654 S.W.2d 440, 441 (Tex.1983); *see* TEX.FAM.CODE ANN. § 11.01(5) (Vernon Supp. 1995) (current version at TEX.FAM.CODE ANN. § 101.032(a) (Vernon 1996)). A child support order "may be modified only by the filing of a motion in the court having continuing, exclusive jurisdiction of the suit affecting the parent-child relationship as provided by Section 11.05 of this code." TEX.FAM.CODE ANN. § 14.08(a) (Vernon 1986) (current version at TEX.FAM.CODE ANN. § 156.002 (Vernon 1996)). The Texas Rules of Civil Procedure that apply "to the filing of an original lawsuit apply to a motion to modify under this section." TEX.FAM.CODE ANN. § 14.08(b) (Ver-

---

1. Markum did not appear at the submission of this case. We take judicial notice of the February 29, 1996 Death and Funeral Announcements in the Dallas Morning News. Markum died after "an extended illness" on February 26, 1996. We also note that the child support rights that would be affected by this case will now belong to the custodial guardian of the child, Sterling Joy Danielle Markum, not to appellee.

2. Following a jury trial in the original lawsuit, the trial court ordered Hudson to pay $1,044.70 per month in child support. In addition, the court ordered Hudson to pay a lump sum arrearage of $62,682 plus other damages. Hudson appealed that judgment to this Court. When

Hudson filed for bankruptcy, this Court abated Hudson's appeal. That appeal is no longer abated and is now pending submission.

3. During submission, Hudson withdrew his complaint of the trial court's dismissal of his motion to discharge the attorney ad litem. Consequently, we do not address that issue.

4. The family code was recodified effective April 1995, two months after the trial court dismissed the motion to modify. Unless otherwise noted, all family code references are to the sections in effect before the recodification.

**338**

non 1986) (current version at TEX.FAM.CODE ANN. §§ 156.003, 156.004 (Vernon 1996)).[5]

The family code also permits the trial court to enter temporary orders within thirty days after an appeal is perfected:

> (e) Within 30 days after the date an appeal is perfected, on the motion of any party or on the court's own motion, after notice and hearing, the court may make any order necessary to preserve and protect the safety and welfare of the child during the pendency of the appeal as the court may deem necessary and equitable.

TEX.FAM.CODE ANN. § 11.11(e) (Vernon 1986) (current version at TEX.FAM.CODE ANN. § 109.001 (Vernon 1996)).

### 2. Application of Law to Facts

The trial court's dismissal order stated it lost *all* jurisdiction thirty days after the appeal was filed. The trial court relied on section 11.11(e) in determining it had no jurisdiction to hear Hudson's motion to modify. Section 11.11 addresses the trial court's ability to issue temporary orders to protect a child's interest during the pendency of the appeal. The Family Code treats a motion to modify as an original proceeding. It is not a temporary order as contemplated by section 11.11(e).

No one contests the trial court's jurisdiction to decide the paternity and support of the child who is the subject of this suit. Once the trial court decided the paternity and support of the child, it acquired continuing jurisdiction over the parent-child relationship. It retained continuing, exclusive jurisdiction to hear a new proceeding affecting that relationship.

That Hudson filed his motion to modify during the pendency of his appeal from the order he seeks to modify does not alter the trial court's jurisdiction. Because the family code vests the trial court with continuing, exclusive jurisdiction to hear Hudson's motion to modify child support, the trial court

erred in dismissing his motion. We sustain Hudson's sole point of error.

We reverse the trial court's dismissal order. We remand the cause to the trial court for further proceedings.

---

**5.** The legislature also requires that each party affected by a motion to modify be notified by service of citation. TEX.FAM.CODE ANN. § 14.08(b) (Vernon 1986) (current version at TEX.FAM.CODE ANN. §§ 156.003, 156.004 (Vernon Supp.1996)). We note that the recodification of section 14.08 refers to "a suit for modification" rather than "a motion to modify." *See* TEX.FAM.CODE ANN. § 156.002 (Vernon Supp.1996). This change emphasizes that the legislature intends the trial courts to continue to treat motions to modify as original lawsuits.