

# NUMBER 13-19-00378-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**THE PORT OF CORPUS CHRISTI, LP,**                              Appellant,

**v.**

**THE PORT OF CORPUS CHRISTI
AUTHORITY OF NUECES COUNTY,**                              Appellee.

**On appeal from the County Court at Law No. 4
of Nueces County, Texas.**

# ORDER OF ABATEMENT

**Before Justices Benavides, Hinojosa, and Tijerina
Order Per Curiam**

Appellant The Port of Corpus Christi, LP (TPCC) appeals the trial court's order granting appellee The Port of Corpus Christi Authority of Nueces County's (POCC) plea to the jurisdiction and dismissing TPCC's suit with prejudice. After due consideration of the pleadings on file in this matter, the Court has determined that additional briefing is

necessary. *See* TEX. R. APP. P. 38.7 (providing that "[a] brief may be amended or supplemented whenever justice requires, on whatever reasonable terms the court may prescribe").

Appellate courts have a duty to assess their own jurisdiction *sua sponte*, and we may ascertain facts necessary to the exercise of our jurisdiction. *Ward v. Lamar Univ.*, 484 S.W.3d 440, 450–51 (Tex. App.—Houston [14th Dist.] 2016, no pet.); *see* TEX. GOV'T CODE ANN. § 22.220(c) ("Each court of appeals may, on affidavit or otherwise, as the court may determine, ascertain the matters of fact that are necessary to the proper exercise of its jurisdiction."). The Court may take judicial notice of adjudicative facts that are matters of public record on its own motion and for the first time on appeal. TEX. R. EVID. 201(b), (c), (f); *Office of Pub. Util. Counsel v. Pub. Util. Comm'n of Tex.*, 878 S.W.2d 598, 600 (Tex. 1994). We may take judicial notice of a fact that is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction, or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. TEX. R. EVID. 201(b); *see In re Estate of Hemsley*, 460 S.W.3d 629, 638–39 (Tex. App.—El Paso 2014, pet. denied) (taking judicial notice that it was widely reported on local, state, and national news that Hemsley was buried in El Paso on November 21, 2012 at Fort Bliss National Cemetery); *Hudson v. Markum*, 931 S.W.2d 336, 337 n.1 (Tex. App.—Dallas 1996, no pet.) (taking judicial notice of a funeral and death announcement in the Dallas Morning News); *see also Ex parte Barrett*, 608 S.W.3d 80, 86 (Tex. App.—Dallas 2020, pet. filed).

We judicially notice that Corpus Christi media coverage and POCC's public meetings records indicate that POCC has terminated a lease agreement (the Lease) with a third-party concerning a crude oil export terminal on Harbor Island. Because the Lease forms the basis for many of TPCC's claims against POCC, we must determine the extent to which this development moots the issues raised on appeal. A case becomes moot when there ceases to be a justiciable controversy between the parties or when the parties cease to have "a legally cognizable interest in the outcome." *State ex rel. Best v. Harper*, 562 S.W.3d 1, 6 (Tex. 2018). A case can become moot at any time, including on appeal. *Id*. When a case becomes moot, the court loses jurisdiction and cannot hear the case, because any decision would constitute an advisory opinion that is "outside the jurisdiction conferred by Texas Constitution article II, section 1." *Matthews v. Kountze Indep. Sch. Dist*., 484 S.W.3d 416, 418 (Tex. 2016). But a case "is not rendered moot simply because some of the issues become moot during the appellate process." *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding). If only some claims or issues become moot, the case remains live as to other claims or issues that are not moot. *See id*.

The Court requests supplemental briefing from the parties regarding whether the termination of the Lease moots this appeal. TPCC's supplemental brief shall be filed within fourteen days from the date of this order, and POCC's supplemental brief, if any, shall be filed within seven days thereafter. This appeal is ABATED and removed from the Court's active docket until receipt of the requested briefing.

3

PER CURIAM

Delivered and filed on the
13th day of April, 2021.