**Motion for Rehearing Denied and Supplemental Memorandum Opinion on Rehearing filed September 2, 2021.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-21-00022-CV**

---

**IN RE MARCUS JACQUOT, Relator**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**245th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2013-47425**

---

## SUPPLEMENTAL MEMORANDUM OPINION ON REHEARING

On January 12, 2021, relator Marcus Jacquot filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Tristian Longino, presiding judge of the 245th District Court of Harris County, to vacate his October 29, 2020 temporary orders.

Relator's petition did not comply with the Texas Rules of Appellate Procedure. *See In re Jacquot*, No. 14-21-00022-CV, (Tex. App.—Houston [14th Dist.] Feb. 2, 2021, order). His petition did not include: (1) a certified or sworn copy of any order complained of or any other documents showing the matter complained of; (2) a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding; or (3) an authenticated transcript of any relevant testimony from any underlying proceeding, including exhibits offered into evidence, or a statement that no testimony was adduced in connection with the matter complained of. *Id.* (citing Tex. R. App. P. 52.3(k)(1)(A), 52.7(a)(1), 52.7(a)(2)). On February 2, 2021, we issued an order explaining that relator's petition was deficient for the above-stated reasons and that the court would dismiss his petition if he did not cure the deficiencies within 10 days of the date of the order. *Id.*

On February 12, 2021, in response to the court's order, relator filed an amended petition. *See In re Jacquot*, No. 14-21-00022-CV, 2021 WL 786776, at *1 (Tex. App.—Houston [14th Dist.] Mar. 2, 2021, original proceeding) (mem. op.). Relator, however, did not cure all deficiencies because the petition did not include an authenticated transcript of any relevant testimony from any underlying proceeding, including exhibits offered into evidence, or a statement that no testimony was adduced in connection with the matter complained of. *Id.* (citing Tex. R. App. P. 52.7(a)(2)). Therefore, we dismissed the petition and amended petition on March 2, 2021. *Id.*

After receiving an extension, relator filed a motion for rehearing on May 17, 2021. A review of relator's petition reflects that it complies with the Texas Rules of Appellate Procedure. We now turn to the merits of relator's petition.

## BACKGROUND

On August 31, 2018, the trial court signed a final order in a suit to modify the parent-child relationship in cause number 2013-47425. On November 1, 2018, Mother appealed from that order, arguing that the trial court abused its discretion by not continuing the trial because she was not represented by an attorney. *See In re G.S.C.*, No. 14-18-00970-CV, 2020 WL 6326240, at *1 (Tex. App.—Houston [14th Dist.] Oct. 29, 2020, no pet.) (mem. op.). On October 29, 2020, this court affirmed the judgment. *Id.* at *4.

While the Mother's appeal was pending in this court, Mother sought a protective order against relator and, on November 18, 2019, the 280th District Court signed a protective order in cause number 2019-51429. Relator filed a notice of appeal from the protective order, which is pending in this court in case number 14-20-00123-CV.

Also, while Mother's appeal was pending in this court, Mother sought a modification in a suit affecting the child-parent relationship in cause number 2013-47425. On February 11, 2020, the trial court held a hearing for temporary orders to determine possession, access, custody, and support. Relator was present at the hearing.

At the end of the hearing, the trial court announced there had been a material and substantial change in the child's circumstances and Mother's requested relief

3

was in the best interest of the child, appointed Mother temporary sole managing conservatory, appointed relator possessory conservator, and set the terms and conditions regarding possession and access as set forth in the protective order from the 280th District Court. On June 26, 2020, the trial court signed the temporary orders. Relator appealed the temporary orders to this court. *See In re G.S.C.*, No. 14-20-00815-CV, 2021 WL 244954, at *1 (Tex. App.—Houston [14th Dist.] Jan. 26, 2021, no pet.). On January 26, 2021, we dismissed the appeal for want of jurisdiction over temporary orders. *Id.*

In this original proceeding, relator asserts that the June 26, 2020 temporary orders are void because they were signed more than 60 days after Mother had perfected her appeal to this court in case number 14-18-00970-CV. Section 109.001 provides for temporary orders during the pendency of an appeal. *See* Tex. Fam. Code Ann. § 109.001. "In a suit affecting the parent-child relationship, on the motion of any party or on the court's own motion and after notice and hearing, the court may make any order necessary to preserve and protect the safety and welfare of the child during the pendency of an appeal as the court may deem necessary and equitable." *Id.* § 109.001(a).

Relator relies on subsection (b-2), which provides that the trial court retains jurisdiction to conduct a hearing and sign a temporary order under this section until the 60th day after the date any eligible party has filed a notice of appeal from final judgment under the Texas Rules of Appellate Procedure. *Id.* § 109.001(b-2). Mother filed, on November 1, 2018, her appeal from the August 31, 2018 final order. Therefore, relator argues that any temporary orders were required to be signed by

4

December 31, 2018—60 days from the date of the appeal, and any temporary orders signed after that date are void.

## STANDARD OF REVIEW

Ordinarily, to be entitled to a writ of mandamus, a relator must show that the trial court clearly abused its discretion, and that the relator lacks an adequate remedy by appeal. *In re Turner*, 591 S.W.3d 121, 124 (Tex. 2019) (orig. proceeding). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302–03 (Tex. 2016) (orig. proceeding) (per curiam); *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam). A relator need not show that he does not have an adequate remedy by appeal when the complained-of order is void. *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding) (per curiam).

## ANALYSIS

The record does not reflect that relator raised this argument in the trial court. Equity is generally not served by issuing an extraordinary writ against a trial court judge on a ground that was never presented in the trial court and that the trial judge thus had no opportunity to address. *In re Le*, 335 S.W.3d 808, 814 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding). Mandamus relief generally requires a predicate request for an action and a refusal of that request. *In re Perritt*, 992 S.W.2d 444, 446 (Tex. 1999) (orig. proceeding) (per curiam).

5

Moreover, relator's arguments are without merit. A petition seeking a modification is considered a separate lawsuit and, as such, it seeks a substitute judgment that would replace an existing order in a suit affecting the parent-child relationship. *In re Reardon*, 514 S.W.3d 919, 924 (Tex. App.—Fort Worth 2017, orig. proceeding) (citing Tex. Fam. Code Ann. § 156.004)). Although a trial court has limited ability to issue temporary orders to protect a child's interest during the pendency of an appeal, the Family Code treats a modification suit as an original suit, not a temporary order. *Blank v. Nuszen*, No. 01-13-01061-CV, 2105 WL 4747022, at *2 (Tex. App.—Houston [1st Dist.] Aug. 11, 2015, no pet.) (mem. op.).

Because the Family Code treats modification proceedings as separate lawsuits, a trial court in a new lawsuit would not lose jurisdiction due to an appeal being taken from a final order in a previous lawsuit. *See id.*; *see also Reardon*, 514 S.W.3d at 927 (holding original suit to modify did not violate section 109.001); *Hudson v. Markum*, 931 S.W.2d 336, 337–38 (Tex. App.—Dallas 1996, no writ) (holding trial court retained jurisdiction to modify child-support order notwithstanding pendency of appeal from prior support order).

Relator's motion for rehearing is denied.

PER CURIAM

Panel consists of Justices Bourliot, Zimmerer, and Spain.