

# NUMBER 13-18-00637-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN THE INTEREST OF E.O. AND A.O., MINOR CHILDREN

### On appeal from the 319th District Court
### of Nueces County, Texas.

## MEMORANDUM OPINION

### Before Justices Benavides, Longoria, and Tijerina
### Memorandum Opinion by Justice Tijerina

In this suit affecting the parent-child relationship (SAPCR), appellant Jimie Dianne

Owsley appeals the trial court's denial of her motion to modify the final divorce decree.[1]

---

[1] By eleven issues, appellant contends that the trial court erred by: (1)–(3) improperly excluding evidence; (4) improperly refusing "to appoint her as sole managing conservator and appellee Brian Leon Owsley as possessory conservator"; (5) improperly refusing "to give [her] the exclusive power to determine the primary residence of the children when she and [appellee] live in the same county"; (6) "refusing to remove the geographical restriction limiting the primary residence of the children to Nueces and Dallas Counties"; (7) "in refusing to modify the provision in the Decree giving [her] two weekends of possession during the summer when she and [appellee] live in different counties"; (8) "in not setting [appellee's] periods of possession in accordance with the Standard Possession Order set out in the Family Code"; (9) "abused its discretion by not giving [her] the exclusive right to select schools and authorize medical, dental, surgical, psychological, and psychiatric treatment"; (10) "abused its discretion by refusing to order Brian to pay child support to [her] retroactive to when he appeared in the case"; and (11) "awarding Brian a money judgment

Appellee Brian Owsley filed a motion to dismiss this appeal. We dismiss the appeal in part, and we affirm in part.

## I. BACKGROUND

Jimie and Brian were divorced. The former couple has two children, A.O. and E.O. Subsequently, in 2018, Jimie filed a motion to modify child support and possession claiming that material and substantial changes regarding the children had occurred.

The trial court held a SAPCR hearing on July 16–17, 2018. It granted in part and denied in part Jimie's motion on August 20, 2018. Jimie appealed the August 20, 2018 judgment in this cause on November 16, 2018. On February 7, 2019, Jimie filed for bankruptcy, the Court stayed the appellate proceedings, and after the bankruptcy court proceeding ended, Jimie's appeal was reinstated. While this appeal was pending, Jimie filed a subsequent motion to modify the final SAPCR order, and on August 6, 2020, the trial court signed a judgment in that separate proceeding. Jimie did not appeal from that judgment.

## II. MOOTNESS

Frist, Brian argues that Jimie's first ten issues are moot because she filed a new modification suit, the trial court held a new SAPCR hearing on that subsequent motion, and it entered a new subsequent final order, an order Jimie did not appeal. Jimie responds that her appeal is not moot as to her first ten issues because the trial court's judgment in this cause is from a separate and distinct suit. Brian further argues in his motion to dismiss

---

for attorney's fees of $35,000 in the trial court, $18,000 in the Court of Appeals, and $18,000 in the Supreme Court, in connection with the SAPCR proceeding."

2

that Jimie's eleventh issue is moot because Jimie sought relief in the bankruptcy court, and it ordered her to pay the attorney's fees, which are the subject of this appeal.

Brian has attached evidence to his motion to dismiss. Jimie does not contest the evidence, and she concedes that she filed a modification suit during the pendency of this appeal, acquired a new judgment from the trial court, and that the bankruptcy court ordered her to pay the attorney's fees she now appeals in this cause.

## A.    Applicable Law

"[C]ourts have an obligation to take into account intervening events that may render a lawsuit moot." *Heckman v. Williamson County*, 369 S.W.3d 137, 166–67 (Tex. 2012). We lack jurisdiction to decide moot controversies and to render advisory opinions. *See Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999). "And we have the power, 'on affidavit or otherwise,' to 'ascertain the matters of fact that are necessary to the proper exercise of [our] jurisdiction,' even if evidence establishing those facts is not in the trial court's record." *State ex rel. Best v. Harper*, 562 S.W.3d 1, 7 (Tex. 2018); *see* TEX. GOV'T CODE ANN. § 22.220 ("Each court of appeals may, on affidavit or otherwise, as the court may determine, ascertain the matters of fact that are necessary to the proper exercise of its jurisdiction."); *see also Glass v. Sponsel*, 916 S.W.2d 25, 26 (Tex. App.—Houston [1st Dist.] 1995, writ dism'd).

A case is not moot if a justiciable controversy between the parties exists at every stage of the legal proceedings, including the appeal. *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001). "If a controversy ceases to exist—the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome—the case becomes

moot." *Id.* When an appellate court's judgment cannot have any practical legal effect upon a previous existing controversy, the case is also moot. *Zipp v. Wuemling*, 218 S.W.3d 71, 73 (Tex. 2007) ("An appeal is moot when a court's action on the merits cannot affect the rights of the parties.").

> [T]he law generally provides that, despite the existence of a justiciable controversy between the parties at the time the dispute arose or the appeal was taken, changed circumstances may moot a complaint. Thus, for any number of reasons, a complaint regarding a final judgment—whether arising under the family code or any other civil law provision—can become moot prior to resolution of the matter on appeal.

*In re Reardon*, 514 S.W.3d 919, 927–28 (Tex. App.—Fort Worth 2017, no pet.) (listing cases and summarizing their holdings as follows: "*Emps. Fin. Co. v. Lathram*, 369 S.W.2d 927, 930 (Tex. 1963) (mooted by voluntary payment); *JJW, L.L.C. v. Aguirre*, No. 08-16-00051-CV, 2016 WL 3632809, at *1 (Tex. App.—El Paso July 6, 2016, no pet.) (mem. op.) (mooted by grant of new trial); *Robinson v. Alief ISD*, 298 S.W.3d 321, 326 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) (mooted by defendant's expunction of complained-of material in plaintiff's personnel file); *Murphy v. Murphy*, 21 S.W.3d 797, 798 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (mooted by party's death); *Fowler v. Bryan ISD*, No. 01-97-01001-CV, 1998 WL 350488, at *6–7 (Tex. App.—Houston [1st Dist.] July 2, 1998, no pet.) (not designated for publication) (mooted by defendant's adoption of policies and training sought by plaintiff).").

"A petition seeking a modification is considered a separate lawsuit and, as such, it seeks a substitute judgment that would replace an existing order in a [SAPCR]." *In re Reardon*, 514 S.W.3d 919, 924 (Tex. App.—Fort Worth 2017, orig. proceeding) (citing TEX. FAM. CODE ANN. § 156.004). Thus, as a modification suit filed after the rendition of a

4

final order in a SAPCR constitutes an original lawsuit, the subsequent modification proceeding results in a new final order.[2] *Bilyeu v. Bilyeu*, 86 S.W.3d 278, 280 (Tex. App.—Austin 2002, no pet.) (citing TEX. FAM. CODE ANN. § 156.004; *Normand v. Fox*, 940 S.W.2d 401, 403 (Tex. App.—Waco 1997, no pet.) ("A suit for modification is a new lawsuit filed after the rendition of a final order.")); *see also Blank v. Nuszen*, No. 01-13-01061-CV, 2015 WL 4747022, at *2 (Tex. App.—Houston [1st Dist.] Aug. 11, 2015, no pet.) (mem. op.).

**B.      Jimie's Issues Concerning Conservatorship, Possession, and Access**

Here, Jimie's new suit for modification, filed after the trial court's rendition of its August 20, 2018 final order, constituted an "original" suit, which sought a substitute judgment replacing the existing SAPCR order. *See* TEX. FAM. CODE ANN. § 156.004; *In re Reardon*, 514 S.W.3d at 924. The subsequent modification proceeding resulted in a new final order regarding possession, access, and conservatorship. *See Bilyeu*, 86 S.W.3d at 280. In addition, the trial court's August 6, 2020 modification order constitutes a new final judgment. *See Bilyeu*, 86 S.W.3d at 280.

The trial court retained jurisdiction to modify the original SAPCR order even though Jimie filed the new petition for modification during the pendency of this appeal of the trial court's August 20, 2018 judgment. *See Hudson v. Markum*, 931 S.W.2d 336, 337–38 (Tex. App.—Dallas 1996, no writ) (holding trial court retained jurisdiction to modify child

---

[2] "When the Legislature recodified Section 14.08 it changed the language in the section from 'a motion to modify' to 'a suit for modification.' This change emphasizes that the Legislature intends that trial courts continue to treat modifications as original lawsuits." *Normand v. Fox*, 940 S.W.2d 401, 403 (Tex. App.—Waco 1997, no writ) (citing *Hudson v. Markum*, 931 S.W.2d 336, 338 n.5 (Tex. App.—Dallas 1996, no writ)).

support order notwithstanding pendency of appeal from prior support order); *see also Blank*, 2015 WL 4747022, at *2. Moreover, once the trial court issued its subsequent August 6, 2020 judgment, that judgment replaced the August 20, 2018 judgment. *See In re Reardon*, 514 S.W.3d at 924; *Bilyeu*, 86 S.W.3d at 280.

We are required to take into account intervening events that may render a lawsuit moot, and Jimie does not dispute that she filed a subsequent modification suit and that the trial court issued its subsequent August 6, 2020 judgment during the pendency of this appeal. *See Heckman*, 369 S.W.3d at 166–67.

Moreover, a justiciable controversy between the parties no longer exist as to Jimie's first nine issues regarding conservatorship, possession, and access. By these issues, Jimie contends that the trial court improperly excluded evidence, determined conservatorship, possession, and access to the children, decided not to give her power to determine residency, schooling, and medical decisions of the children, and decided not to remove the geographical restriction limiting the primary residence of the children to Nueces and Dallas Counties. Our determination of these issues is moot because the August 20, 2018 judgment has been replaced by the August 6, 2020 judgment. *See Williams*, 52 S.W.3d at 184. Jimie's first nine issues relating to the trial court's alleged errors regarding conservatorship, possession, and access are thus no longer "live." *See Williams*, 52 S.W.3d at 184. Reversal of the August 20, 2018 judgment on the basis of these issues would have no practical legal effect. *See Zipp*, 218 S.W.3d at 73. Accordingly, we conclude that Jimie's first nine issues are moot.

6

**B.      Jimie's Eleventh Issue Challenging Attorney's Fees**

Jimie filed for bankruptcy during the pendency of this appeal, and the bankruptcy court ordered her to pay the attorney fees as awarded by the trial court in this appeal. Thus, Brian argues that we have no jurisdiction over the matter as the bankruptcy court's order renders this appeal regarding attorney's fees moot. Jimie responds that the bankruptcy court's judgment ordering her to pay attorney's fees is not moot because attorney's fees are not dischargeable in bankruptcy court.[3]

A case "is not rendered moot simply because some of the issues become moot during the appellate process." *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding). A case remains "live" to claims or issues that are not moot even if some claims or issues become moot. *See id.*

Nonetheless, the bankruptcy court has ordered Jimie to pay the attorney's fees awarded in the appealed-from judgment in this case, and that order is final. Thus, even if we were to determine that the trial court in this appeal erroneously awarded those fees to Brian, Jimie would still be required to pay those attorney's fees as she did not appeal the bankruptcy court's final order.[4] Accordingly, our ruling in this matter cannot have any practical legal effect upon the previous existing controversy between Jimie and Brian concerning attorney's fees. *Zipp*, 218 S.W.3d at 73. Therefore, we conclude that Jimie's issue regarding the award of attorney's fees is moot.

---

[3] We note that Jimie cites no authority, and we find none, supporting this argument.

[4] This Court has no jurisdiction to correct error occurring in bankruptcy court. *See In Interest of C.C.*, 02-17-00058-CV, 2017 WL 4819407, at *2 (Tex. App.—Fort Worth Oct. 26, 2017, no pet.) (explaining that if the bankruptcy court erred, we have no jurisdiction to review that error).

## C.  Retroactive Child Support

By her tenth issue, Jimie contends that the trial court "abused its discretion by refusing to order Brian to pay child support to [her] retroactive to when he appeared in the case" This issue is not moot because in the trial court Jimie requested and the trial court refused to award retroactive child support from the date of the divorce decree until the date of the July 16–17, 2018 SAPCR hearing. The superseding August 6, 2020 order does not award retroactive child support for this period. *See* TEX. FAM. CODE ANN. § 156.401(b) (providing that "[a] support order may be modified with regard to the amount of support ordered only as to obligations accruing after the earlier of: (1) the date of service of citation; or (2) an appearance in the suit to modify").

Thus, even though some of Jimie's issues have become moot, we conclude that the case remains "live" as to her claim for retroactive child support from the date of the divorce decree until the date of the trial court's July 16–17, 2018 SAPCR hearing. *See In re Kellogg Brown & Root, Inc.*, 166 S.W.3d at 737. Therefore, we will address the merits of Jimie's tenth issue

## III.  RETROACTIVE CHILD SUPPORT

By her tenth issue, Jimie contends that the trial court "abused its discretion by refusing to order Brian to pay child support to [her] retroactive to when he appeared in the case." Specifically, Jimie argues as follows:

> In the Decree of Divorce, the trial court found that "good cause exists not to require BRIAN LEON OWSLEY to pay child support to JIMIE DIANE OWSLEY for support of the children at this time." "Good cause" is not the same as unjust or inappropriate. It is too late to raise error regarding the initial decision not to order child support, but upon a showing of a material and substantial change in circumstances the court now must make a child

8

support decision considering the presumptive child support guidelines and the present circumstances of the parties and their children.

Jimie was carrying most of the costs associated with raising children. She paid E.O.'s tuition at Annapolis Christian Academy in Corpus Christi for the 2016-2017 year, amounting to $9,696.45. Brian did not reimburse Jimie for half of E.O.'s psychiatrist's fee. He also did not reimburse Jimie for half of E.O.'s counseling fee with Odette Gonzalez. The Court has the authority to modify the support obligation retroactive to the date that Brian was served with citation in Jimie's modification proceeding. Tex. Fam. Code § 156.401(b). Since Brian was not contributing to the children's living expenses while they were with their mother, including schooling, medical, dental and optical care, music lessons, tutoring, etc., it was an abuse of discretion for the Trial Court not to modify child support and require Brian to pay Jimie child support going forward and retroactively.

## A. Applicable Law and Standard of Review

"There are four 'types' of child support that a court may order one parent to pay to the other—temporary, current, medical, and retroactive." *In re B.R.F.*, 457 S.W.3d 509, 510 (Tex. App.—El Paso 2014, no pet.) (citation omitted). A trial court can order retroactive child support if "the parent . . . has not previously been ordered to pay support for the child . . . ." TEX. FAM. CODE § 154.009(a)(1).

"An existing child support order may be modified if the circumstances of the child or a person affected by the order . . . to be modified have materially and substantially changed since the date of its rendition. . . ." *Farish v. Farish*, 921 S.W.2d 538, 541 (Tex. App.—Beaumont 1996, no writ) (citing TEX. FAM. CODE ANN. § 14.08(c)(2) . . . (repealed 1995) (current version at [*id.*] § 156.401(a) . . . ).

In determining whether a modification in child support payments is appropriate, the trial court should examine the circumstances of the child and parents at the time the prior decree was rendered in relation to the circumstances existing at the time the prior order is sought to be modified. *S.A.B.S. v. H.B.*, 767 S.W.2d 860, 862 (Tex. App.—Corpus Christi[–Edinburg] 1989, no writ). Therefore, evidence regarding the parents'

9

financial circumstances or the child's financial circumstances and needs at the time of the divorce and the time of the modification hearing should be presented to the trial court such that the trial court can determine whether the circumstances of the child or the parties affected by the decree have materially and substantially changed since the date of the decree sought to be modified. *See* [*i*]*d.*

*MacCallum v. MacCallum*, 801 S.W.2d 579, 583 (Tex. App.—Corpus Christi–Edinburg 1990, writ denied).

The trial court may alter the child support obligation if the party requesting the modification shows that the circumstances have changed. *See Farish*, 921 S.W.2d at 541. "The 'best interest of the child' remains the trial court's primary consideration in determining questions of child support." *Id.* (citing *Hammond v. Hammond*, 898 S.W.2d 406 (Tex. App.—Fort Worth 1995, no writ); TEX. FAM. CODE ANN. § 14.07 . . . (repealed 1995) (current version at TEX. FAM. CODE ANN. § 153.002) . . . .).

We apply an abuse of discretion standard of review in determining whether the trial court erred in its retroactive child support decision. *In re J.G.Z.*, 963 S.W.2d 144, 146 (Tex. App.—Texarkana 1998, no pet.); *see also Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (per curiam). Under the abuse of discretion standard of review, we must decide whether the court acted arbitrarily or unreasonably, without reference to guiding rules and principles. *Worford*, 801 S.W.2d at 109. We view the evidence in the light most favorable to the actions of the trial court and indulge every legal presumption in favor of the judgment. *Holley v. Holley*, 864 S.W.2d 703, 706 (Tex. App.—Houston [1st Dist.] 1993, writ denied).

**B.    Discussion**

Jimie argues that the trial court should have ordered Brian to pay her retroactive

10

child support from the date of the divorce decree on February 19, 2016, to the date of the hearing on July 17, 2018. To be entitled to retroactive child support, Jimie was required to provide the trial court with the financial circumstances of the parties as they existed at the time of divorce, and as they existed at the time of trial. *See In the Interest of C.H.C.*, 392 S.W.2d 347 (Tex. App.—Dallas 2013, no pet.) ("To determine whether a child support modification is warranted, the trial court must compare the financial circumstances of the affected party at the time the order was entered with his or her circumstances at the time the modification is sought"). *Hammond*, 898 S.W.2d at 407.

In the trial court, Jimie, acting pro se, testified about her expenses at the time of trial[5]; she also mentioned expenses she anticipated to have or had already paid for the children. Jimie stated that she makes $40,000 per month, and in the previous year, she earned approximately $550,000.[6] Brian testified that Jimie's income had increased since the time of the divorce. Brian stated that at the time of the divorce he earned $96,000 and was currently earning $105,000. However, other than Brian's income, Jimie did not present evidence of her financial circumstances, Brian's financial circumstances, and the child's financial circumstances at the time the original divorce decree as required. Without evidence of this data, the trial court had no financial circumstances to compare and was therefore not able to determine whether a material and substantial change has occurred.

---

[5] Jimie specifically stated that her home had mold, which she needed money to repair. However, Brian presented the deposition testimony of Jimie's former employee who testified that the mold issue had been discussed by Jimie prior to the divorce proceeding.

[6] Jimie's employee stated that following the divorce, Jimie told the employee that Jimie planned on working less so that her income would be lower than Brian's for purposes of future litigation regarding child support because Brian had not been ordered to pay child support.

*London v. London*, 94 S.W.3d 139, 145 (Tex. App.—Houston [14th Dist.] 2002, pet. denied); *In the Interest of C.H.C.*, 392 S.W.2d at 349. Therefore, we conclude that the trial court did not abuse its discretion in not awarding retroactive child support. Accordingly, we overrule Jimie's tenth issue.

## IV.    CONCLUSION

We affirm the judgment in part insofar as the trial court refused to award retroactive child support. Having considered the documents on file, Brian's motion to dismiss the appeal, and Jimie's response, we are of the opinion that the motion should be granted as to Jimie's first through ninth issues and her eleventh issue. *See* TEX. R. APP. P. 42.1(a). Brian's motion to dismiss is granted in part, and the appeal is hereby dismissed in part.

JAIME TIJERINA
Justice

Delivered and filed on the
28th day of October, 2021.

12