**Reversed and Remanded and Opinion filed May 4, 2023.**



In The

# Fourteenth Court of Appeals

NO. 14-22-00037-CV

**THOMAS ANDERSON, Appellant**

**V.**

**KATRINA WYNNE, Appellee**

**On Appeal from the County Civil Court at Law No. 3
Harris County, Texas
Trial Court Cause No. 1132761**

## O P I N I O N

The trial court dismissed Thomas Anderson's lawsuit against Katrina Wynne for want of jurisdiction based on the existence of an Oregon protective order prohibiting Anderson from contacting Wynne. Anderson appeals. We conclude that the trial court's reasons stated in the order do not deprive the court of jurisdiction over Anderson's claims. We sustain Anderson's first issue and need not address his remaining arguments. *See* Tex. R. App. P. 47.1. We reverse and remand for proceedings consistent with this opinion.

# Background

Appellant Thomas Anderson and appellee Katrina Wynne reside in Oregon. Anderson and a third party, Joe Alfred Izen, Jr., sued Wynne in Harris County Court at Law No. 3, claiming non-payment for legal services. Anderson and Izen alleged that they assisted Wynne with a probate dispute in which Izen acted as Wynne's attorney and Anderson provided paralegal support. Izen and Anderson asserted claims for breach of contract, open account, restitution, and quasi estoppel. Izen, a Houston attorney, represented himself in the suit against Wynne. Anderson also represented himself, though he is not an attorney.

Before Wynne was served with process in Texas, Izen non-suited his claims, leaving Anderson as the only plaintiff.

Wynne, representing herself, filed a special appearance and motion to quash Anderson's alleged improper service in Texas. The trial court has not ruled on her special appearance or motion to quash. Anderson moved for a no-answer default judgment in July 2020. Wynne answered in August 2020 with a general denial and various affirmative defenses. She also filed a counterclaim seeking damages for Anderson's alleged failure to comply with an Oregon stipulated agreement and sanctions for Anderson's "frivolous lawsuit." Anderson later withdrew his motion for default judgment.

The trial court set a status conference for September 10, 2021. The status conference appears to have been the first hearing in the matter, and it was conducted virtually by Zoom. One week before the conference, Wynne (acting pro se) filed a document entitled "Notice of Oregon Proceedings for Status Conference." In this document, Wynne notified the trial court that an Oregon county circuit court signed a "Final Stalking Protective Order and Judgment" against Anderson on November 10, 2020 (the "Foreign Protective Order"). An uncertified copy of the Foreign

2

Protective Order was attached to the notice and is contained in the clerk's record.[1] The Foreign Protective Order compels Anderson to avoid all contact with Wynne. The term "contact" is defined broadly to include conduct such as coming into Wynne's "visual or physical presence" and communicating with Wynne by multiple means. The Foreign Protective Order also states:

> FULL FAITH AND CREDIT PROVISIONS: This Order meets all full faith and credit requirements of the Violence Against Women Act, 18 USC §2265. This Court has jurisdiction over the parties and the subject matter. Respondent was or is being afforded notice and timely opportunity to be heard as provided by Oregon law. This Order is valid and entitled to enforcement in this and all other jurisdictions.

The parties do not dispute that the Foreign Protective Order is a final judgment and is by its terms of "unlimited duration" unless modified by law or by further court order. The parties also do not dispute that Anderson appealed the Foreign Protective Order in Oregon, but the appellate court dismissed his appeal as untimely.

In her pre-status-conference notice, Wynne also alerted the court that she had agreed to dismiss a criminal trespass charge against Anderson in Oregon. She attached an uncertified copy of a July 20, 2021 order of an Oregon court dismissing the criminal trespass case against Anderson.

Other than advising the trial court of the Oregon court orders and attaching copies of those orders, Wynne's notice did not assert any arguments or request any relief.

---

[1] Although Anderson asserts in his brief that the Foreign Protective Order is "unauthenticated," he does not urge us to disregard the document as completely lacking in evidentiary value. To the contrary, much of Anderson's appellate arguments are premised on the order's validity, as we discuss below.

The trial court held the status conference on September 10, 2021. There is no reporter's record of the hearing. According to Wynne, the court examined its jurisdiction to hear Anderson's lawsuit based on the existence of the Foreign Protective Order, which "prohibited Anderson from having any contact with Wynne." Anderson does not dispute that this was Wynne's position during the status conference, but he disputes that he has violated the Foreign Protective Order.

One month later, the trial court signed an order dismissing the case because the court determined it was "deprived of jurisdiction." The court specified that it found jurisdiction over Anderson's claims lacking based on the existence of the Foreign Protective Order and because of "criminal matters" in Oregon. The dismissal order states in full:

> This matter appeared for status. Upon presentation of status, the Court finds that this matter should be dismissed. Based [on] criminal matters involving stalking in Oregon and a restraining order against the Defendant,[2] the Court finds that it is deprived of jurisdiction.
>
> ORDERED, ADJUDGED and DECREED that this matter is dismissed with prejudice. This is a final judgment. All matters not expressly granted herein are hereby denied.

Anderson (acting pro se) filed a "Show Cause and Motion to Set Aside/Reform Judgment of Dismissal and Reinstate." Because this motion seeks to alter the dismissal order in substance and because it was filed within thirty days of the order, we construe it as a timely motion for new trial.[3] In the motion, Anderson asserted among other things that the dismissal order is not supported by any legal authority establishing a lack of jurisdiction, that the Foreign Protective Order cannot

---

[2] The Foreign Protective Order is against Anderson, the plaintiff, not Wynne, the defendant.

[3] *See PopCap Games, Inc. v. MumboJumbo, LLC*, 350 S.W.3d 699, 715-16 (Tex. App.—Dallas 2011, pet. denied) (citing *Mercer v. Band*, 454 S.W.2d 833, 836 (Tex. App.—Houston [14th Dist.] 1970, no writ)).

4

"estop civil litigation," and that the court erred by dismissing Anderson's lawsuit based on "criminal matters" when the Oregon criminal case was dismissed. He urged the trial court to reinstate the case and decide whether his Texas lawsuit violates the Foreign Protective Order.

The trial court denied Anderson's motion, and this appeal timely followed.

## Record

Before turning to Anderson's complaints, we address Wynne's contention that we have no alternative but to affirm the judgment because Anderson has failed to provide a reporter's record of the September 10, 2021 status conference.

An appellant must present an appellate court with a sufficient record demonstrating error requiring reversal. *See, e.g.*, *Henning v. Henning*, 889 S.W.2d 611, 613 (Tex. App.—Houston [14th Dist.] 1994, writ denied). Typically, when no reporter's record is filed, the reviewing court must presume that the missing evidence supports the trial court's ruling. *See Bryant v. United Shortline Inc. Assurance Servs., N.A.*, 972 S.W.2d 26, 31 (Tex. 1998); *Opoku-Pong v. Boahemaa*, No. 14-19-00070-CV, 2020 WL 3240742, at *2 (Tex. App.—Houston [14th Dist.] June 16, 2020, no pet.) (mem. op.); *Approx. $1,013.00 v. State*, No. 14-10-01255-CV, 2011 WL 5998318, at *3 (Tex. App.—Houston [14th Dist.] Dec. 1, 2011, no pet.) (mem. op.). This presumption only arises, however, when the hearing at issue is evidentiary. The September 10 status conference was a pretrial hearing. Appellate courts presume that pretrial hearings are non-evidentiary and that the trial court only considered the evidence filed with the clerk. *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 784 (Tex. 2005). For non-evidentiary pretrial hearings, a reporter's record generally is superfluous. *See Crawford v. XTO Energy, Inc.*, 509 S.W.3d 906, 910 (Tex. 2017). "If all the evidence is filed with the clerk and only

arguments by counsel are presented in open court, the appeal should be decided on the clerk's record alone." *Michiana*, 168 S.W.3d at 782.

Wynne insists that the September 10 status conference was evidentiary in nature. But the only evidence she identifies in support of her argument are the two Oregon orders, both of which were filed with the clerk before the conference and are contained in our clerk's record. She does not contend that any other documents or testimony was admitted into evidence during the hearing. Additionally, the trial court's dismissal order references only the two Oregon orders and cites no other evidence. Wynne also emphasizes that Anderson's appellate complaints include attacks on the legal and factual sufficiency of the evidence, which she says demonstrate "the evidentiary nature of th[e] September 10, 2021 hearing." But as the *Michiana* court explained, trial courts consider evidence filed with the clerk even when a hearing is non-evidentiary. *Id.*

Wynne has not overcome the presumption that the September 10 status conference was non-evidentiary. She points to no "specific indication that exhibits or testimony was presented in open court *beyond* that filed with the clerk." *Id.*; *see also Crawford*, 509 S.W.3d at 910. We thus presume that the status conference was non-evidentiary and that the trial court considered only the evidence filed with the clerk. Accordingly, we conclude Anderson has presented a sufficient record enabling us to determine whether the trial court's dismissal order constitutes reversible error.

### Dismissal of Anderson's Suit

Anderson asserts several arguments on appeal, but we address only the one we find dispositive. He claims that the trial court erred in concluding that the Foreign Protective Order and the Oregon "criminal matters" deprived the court of jurisdiction to adjudicate Anderson's claims against Wynne. Far from depriving the

trial court of subject matter jurisdiction to act, Anderson asserts, the Foreign Protective Order is entitled to full faith and credit and the court has jurisdiction to "recognize" and "apply" it in these Texas proceedings. He adds that the trial court's reliance on the Oregon criminal trespassing charge against him is error because the criminal case had been dismissed months earlier.

## A.  Standard of Review

We review an order dismissing a case for lack of jurisdiction de novo when, as here, the jurisdictional facts are undisputed. *See State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007) (reviewing ruling on plea to the jurisdiction); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). When a court dismisses a case for lack of jurisdiction and states a specific reason jurisdiction is lacking, we need only examine the propriety of dismissal based on the stated reason. *See Cont'l Heritage Ins. Co. v. State*, Nos. 05-20-00928-CV, 05-20-00929-CV, 05-20-00930-CV, 05-20-01005-CV, 05-20-01006-CV, 2022 WL 17038175, at *3-5 (Tex. App.—Dallas Nov. 17, 2022, pet. granted) (mem. op.) (reviewing orders granting pleas to jurisdiction that stated specific grounds); *Kshatrya v. Tex. Workforce Comm'n*, 97 S.W.3d 825, 831-32 (Tex. App.—Dallas 2003, no pet.); *Hudson v. Markum*, 931 S.W.2d 336, 338 (Tex. App.—Dallas 1996, no writ). We determine whether the order is supportable based on the record before the trial court when it ruled. *See Shahin v. Mem'l Hermann Health Sys.*, 527 S.W.3d 484, 487 (Tex. App.—Houston [1st Dist.] 2017, pet. denied). We will reverse the order if we conclude that the specified ground does not support dismissal. *See Cont'l Heritage Ins. Co.*, 2022 WL 17038175, at *3-5; *Kshatrya*, 97 S.W.3d at 831-32; *Hudson*, 931 S.W.2d at 338.

7

**B.     Application**

In support of his assertion that the Foreign Protective Order is entitled to full faith and credit, Anderson directs us to Civil Practice and Remedies Code Chapter 35.  The Uniform Enforcement of Foreign Judgments Act ("UEFJA") provides a means by which an authenticated copy of a foreign judgment may be filed in a court of competent jurisdiction in Texas and become enforceable as a Texas judgment.  Tex. Civ. Prac. & Rem. Code § 35.003(c); *see Walnut Equip. Leasing Co. v. Wu*, 920 S.W.2d 285, 286 (Tex. 1996).  The United States Constitution requires each state to afford full faith and credit to the judicial proceedings of every other state.  *See* U.S. Const. art. IV, § 1.  A judgment creditor may choose to seek enforcement of a foreign judgment under the UEFJA by filing an authenticated copy of the foreign judgment with the clerk of any Texas court.  Tex. Civ. Prac. & Rem. Code § 35.003(a).  Once a foreign judgment creditor files a copy of the foreign judgment in compliance with the UEFJA, she presents a prima facie case for enforcement of the judgment, and the burden shifts to the judgment debtor to prove the foreign judgment should not be given full faith and credit.  *Jonsson v. Rand Racing, L.L.C.*, 270 S.W.3d 320, 323-24 (Tex. App.—Dallas 2008, no pet.); *H. Heller & Co. v. La.-Pac. Corp.*, 209 S.W.3d 844, 849 (Tex. App.—Houston [14th Dist.] 2006, pet. denied).  A filed authenticated foreign judgment "has the same effect and is subject to the same procedures, defenses, and proceedings for . . . enforcing . . . a judgment as a judgment of the court in which it is filed."  Tex. Civ. Prac. & Rem. Code § 35.003(c).  A judgment creditor seeking enforcement under the UEFJA also must comply with notice requirements.  *See id.* § 35.004.  Chapter 35 is not by its terms limited to foreign money judgments.  *See id.* § 35.001.

Another statute bears on this issue.  In 2001, the Texas Legislature passed the Uniform Interstate Enforcement of Domestic Violence Protection Orders Act.  Tex.

8

Fam. Code §§ 88.001-.008.  Chapter 88 incorporates the basic concept of the UEFJA and applies it specifically to foreign protective orders.  In keeping with the Violence Against Women Act passed by Congress, Chapter 88 provides that Texas courts shall enforce the terms of a protective order issued by a tribunal of another state so long as it complies with certain requirements.  Tex. Fam. Code § 88.003(a), (d).[4]  A protected individual seeking enforcement of a foreign protective order establishes a prima facie case for the order's validity by "presenting" an order that is facially valid.  Tex. Fam. Code § 88.003(e).  A foreign protective order is deemed valid if the order: (1) names the protected individual and the respondent; (2) is currently in effect; (3) was rendered by a tribunal that had jurisdiction over the parties and the subject matter under the law of the issuing state; and (4) was rendered after the respondent was given reasonable notice and an opportunity to be heard consistent with the right to due process, either: (A) before the tribunal issued the order; or (B) in the case of an ex parte order, within a reasonable time after the order was rendered.  *Id.* § 88.003(d).

Wynne filed the Foreign Protective Order with the clerk.  The language of the order meets the requirements for facial validity set forth in section 88.003(d).  We thus conclude that Wynne established a prima facie case for enforcement of the Foreign Protective Order by presenting a foreign order that is valid on its face.  *Id.* § 88.003(e).  Once presented with such an order, the trial court has a mandatory duty to enforce it, subject to the respondent's assertion of any available defenses.  *See id.*

---

[4] A part of the Violence Against Women Act provides:  "(a) Full Faith and Credit. -- Any protection order issued that is consistent with subsection (b) of this section by the court of one State, Indian tribe, or territory (the issuing State, Indian tribe, or territory) shall be accorded full faith and credit by the court of another State, Indian tribe, or territory (the enforcing State, Indian tribe, or territory) and enforced by the court and law enforcement personnel of the other State, Indian tribal government or Territory as if it were the order of the enforcing State or tribe."  18 U.S.C. § 2265.

§ 88.003(f). And the court is obligated to follow Texas procedures for enforcement of protective orders. *Id.* § 88.003(a). Thus, under the Family Code, the trial court had authority and jurisdiction to consider the Foreign Protective Order, evaluate its effect on the pending claims, if any, and, in the event the court determined that the order had been violated, impose any appropriate remedy including contempt. *See id.* § 81.010(b). But presentation of the Foreign Protective Order to the trial court did not deprive the court of jurisdiction. We therefore agree with Anderson that the trial court erred in concluding that the existence of the Foreign Protective Order deprived it of jurisdiction to adjudicate Anderson's claims against Wynne.[5]

The trial court also cited the existence of "criminal matters involving stalking in Oregon" as a basis for its lack of jurisdiction over Anderson's claims. As the parties agree, the criminal trespass charge Wynne asserted against Anderson in Oregon was dismissed by agreement well before the September 10 status conference. Wynne has not explained with authority why the fact that a criminal trespass charge against Anderson was filed in Oregon and then dismissed would affect a Texas court's subject matter jurisdiction to decide Anderson's civil claims against Wynne.

Finally, we note that our record indicates that the county civil court at law otherwise possessed subject matter jurisdiction over Anderson's breach of contract and related claims, by which he seeks damages of less than $250,000. "A county civil court at law in Harris County has jurisdiction over all civil matters and causes, original and appellate, prescribed by law for county courts . . . ." Tex. Gov't Code § 25.1032(a). A county court has concurrent jurisdiction with a district court in "civil cases in which the matter in controversy exceeds $500 but does not exceed

---

[5] We express no opinion on whether Anderson's claims or litigation conduct against Wynne constitute a violation of the Foreign Protective Order.

$250,000, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs, as alleged on the fact of the petition . . . ." *Id.* § 25.003(c).

## Conclusion

For these reasons, we conclude that the trial court erred by sua sponte dismissing Anderson's claims against Wynne with prejudice for lack of jurisdiction. We sustain Anderson's first issue. We reverse and remand for further proceedings consistent with this opinion.


/s/    Kevin Jewell
        Justice


Panel consists of Justices Wise, Jewell, and Poissant.